BYRON HOOVER ET AL. v. JOSEPH C. KEARBEY.

Decided January 19, 1901.

**1.—Assignments of Error.**
Where the record does not show any assignments of error filed, none will be considered, although appellant's brief purports to set forth assignments taken apparently from the motion for new trial.

**2.—Appeal—Cross-Assignments Against Parties Not Appealing.**
Where, in an action for land brought by several plaintiffs among whom there is no conflict of interest, some of the plaintiffs recover a part of the land, and defendant has judgment against the others, and these alone appeal, cross-assignments by defendant against the plaintiffs who recovered, defendant not having perfected a cross-appeal, will not be considered.

Appeal from Erath. Tried below before Hon. Lee Young, Special Judge.

*Edward W. Roberts, Thos. B. King,* and *W. W. Moores,* for appellants.

*Martin & George, D. W. Doom,* and *D. H. Doom,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought against the appellee, Joseph C. Kearbey, to recover a tract of land in Erath County, and resulted in a judgment in his favor against all of the plaintiffs except J. D. Neilson, Mrs. Sallie N. Coleman, and Samuel P. Black, who recovered and undivided one-third of said tract of land, except three acres and one-twentieth of an acre described in the judgment. From the judgment against them the plaintiffs other than J. D. Neilson, Mrs. Sallie N. Coleman, and Samuel P. Black, perfected an appeal to this court, but filed no assignments of error. The brief filed purports to set forth assignments of error taken apparently from the motion for a new trial; but we would not be warranted in considering assignments so made.

The appellee also gave notice of appeal, but without filing any appeal bond, seeks to have us review the judgment rendered in favor of J. D. Neilson, Mrs. Sallie N. Coleman and Samuel P. Black, who, as already seen, did not join in the appeal of their coplaintiffs. We know of no authority for considering appellee's assignments in such case, no appeal having been perfected by him, or by those against whom he seeks relief. The right of an appellee to file cross-assignments of error is well settled. Duran v. Railway, 86 Texas, 287. But where, as in this case, there is no conflict of interest between the plaintiffs in the original action, and some of them recover their proportion of the property sued for, and others do not, and those who are unsuccessful alone appeal from the judgment against them, such appeal does not authorize the defendant, by cross-assignments of error, without any appeal from the judgment in favor of the other parties, to have that judgment reviewed.

It follows from these conclusions that the judgment appealed from

should be affirmed, and that we have no jurisdiction to grant the relief sought by appellee against parties not before the court either as appellants or appellees.

*Affirmed.*