THE ST. LOUIS, ARKANSAS & TEXAS RAILWAY COMPANY V. LUCY A. PRATHER ET AL.

No. 2847.

1.   **Practice in Supreme Court.**—An appellant failing to file briefs in the Supreme Court will be considered as having waived his assignments of error. They will not be considered, although the appellee urges his cross assignment.

2.   **Trespass to Try Title by Tenant in Common.**—Tenants in common sue in trespass to try title another tenant in common, who pleaded limitation and not guilty. The testimony shows that plaintiffs own one-half interest in the land. *Held:*

1.   To maintain ejectment by one tenant in common against another it devolves upon the plaintiff to prove ouster unless the defendant in pleading assert entire ownership.

2.   By Revised Statutes, article 4794, the plea of not guilty " shall be an admission for the purposes of the action that defendant was in possession of the premises sued for," etc.

3.   Upon proof of title as alleged by the plaintiff the judgment should be for the interest sued for and for possession in common.

4.   It was error to refuse a judgment for such possession.

5.   Under the pleadings it was error to decree partition, as under the plea of not guilty no affirmative relief can be given.

APPEAL from Franklin.    Tried below before Hon. E. W. Terhune.

This is an action in trespass to try title and for damages by appellees Lucy A. Prather, Holloway W. Prather, Edward B. Prather, Thomas G. Prather, Alberta F. Jones, joined by her husband W. L. Jones, Laura D. Garrett, Jefferson Prather, Ellen Gregory, joined by her husband Robert Gregory, Missouri Bobo, joined by her husband Jesse Bobo, and Willie Camp, joined by her husband John Camp, the collateral heirs of N. C. Prather, deceased, against the St. Louis, Arkansas & Texas Railway Com-

pany in Texas and R. Mabile, to recover one-half interest in block No. 9 in the town of Mount Vernon. The suit was filed in the District Court of Franklin County on the 29th of September, 1887, and tried May 11, 1889.

N. C. Prather purchased the property in controversy in October, 1870, and made improvements thereon. Afterward, in 1873, he married M. J. Prather, and they occupied the premises as their homestead until his death on the 20th of November, 1880. They had no children. After the death of N. C. Prather, his widow put additional improvements on the property of the value of $200, and continued to occupy it as her homestead till the 9th of April, 1887, when she sold the property to the appellant, the St. Louis, Arkansas & Texas Railway Company, making a special warranty deed. In 1886 and the early part of 1887, before the purchase, said railway company, by consent of Mrs. M. J. Prather, constructed its road bed across one corner of the lot, which damaged the premises $25. The rental value of the property is $8 per month. The judgment decreed an interest in the property to the value of $200 to the appellant railway company, and after this is first set apart to it, then an equal division of the remainder between the appellant and the appellees.

No appearance was made by the appellant.

*J. B. Stringer,* for appellees, cited Rev. Stats., arts. 2005, 2009; Moody v. Butler, 63 Texas, 210; Rev. Stats., arts. 4784–86; Hays v. Railway, 62 Texas, 397; Arnold v. Cauble, 49 Texas, 527; Neil v. Shakelford, 45 Texas, 119.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by the appellees against the appellant. The plaintiffs alleged in their petition that they were the owners of an undivided half interest in the lots in controversy, and that the defendant had unlawfully entered upon the property and still withheld the possession from them. The defendant pleaded not guilty and the statute of limitations.

The conclusions of fact found by the court show that the lots were conveyed to one N. C. Prather while a single man; that he subsequently married, and died without issue, leaving his wife surviving him. The lots were the homestead of Prather and his wife at the time of his death, and continued to be occupied by the wife as her place of residence until the 9th day of April, 1887, when she sold and conveyed them to the defendant. The plaintiffs are the brothers and sisters of the deceased husband and the descendants of his brothers and sisters.

The court below correctly held that the plaintiffs were owners of an undivided one-half interest in the property, but ruled that they could not recover possession in the action of trespass to try title, and decreed a.

partition adjusting what was considered to be the equities between the parties.

The defendant gave notice of appeal and filed an appeal bond, but has not filed briefs in this court.   Its assignments of error are, therefore, considered as waived.   The appellees filed cross assignments, which are presented in their brief.   The first is in effect that the court erred in holding that they were not entitled to recover on their action of trespass to try title.   We think this assignment well taken.   It is elementary law that one tenant in common may maintain an action of ejectment against his cotenant when the latter has ousted him of possession of the property owned in common.   Freem. on Coten. and Part., sec. 291.

The author cited says:   "While an ouster is essential to maintain the action of ejectment by one tenant in common against another, yet the circumstances of the case or the condition of the pleadings may be such as to concede the fact of ouster and thus dispense with proof of its existence.   If the defendant by his answer claim the whole premises in his own right as owner thereof in severalty, he relieves the plaintiff from the necessity of proving an ouster at the trial."   Id., sec. 292.

Our statutes provide that the plea of not guilty or other answer to the merits "shall be an admission by the defendant for the purposes of the action that he was in possession of the premises sued for, or that he claimed title thereto at the time of commencing the action, unless he states distinctly in his answer the extent of his possession or claim, in which case it shall be an admission to such extent only."   Rev. Stats., art. 4794.

The defendant's pleas clearly show that it recognized no right of common ownership in the premises sued for.   We think, therefore, that for the purposes of the action they should be deemed under the statute equivalent to an ouster.   Hence, we conclude that plaintiffs were entitled upon proof of their ownership of one-half of the lots to a judgment admitting to possession of the property with defendant, and that it was not competent for the court to decree a partition.   If the defendant desired a partition it should have pleaded the facts and asked a judgment accordingly.   Affirmative relief in an action of trespass to try title can not be granted a defendant upon the plea of not guilty.   There must be a special answer with an appropriate prayer for relief.

For the error pointed out the judgment is reversed and the cause remanded at appellant's costs.

*Reversed and remanded.*

· Delivered November 8, 1889.