**DAVIS, Agent, v. BOWIE.**    (No. 2660.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 2, 1923. Rehearing Denied Jan. 18, 1923.)

1. **Master and servant** ⚖☞278(17) — **Evidence held to show negligence in releasing tongue on truck.**

In an action for injuries to a railroad employee, based on the negligence of a fellow servant in releasing his hold on the tongue of a truck when two other employees behind the truck were pushing it across a track, evidence *held* sufficient to support a verdict for plaintiff.

2. **Appeal and error** ⚖☞878(1) — **Appellee, not appealing from judgment, not entitled to reversal on cross-assignments.**

An appellee, not appealing from a judgment, is not entitled to a reversal on cross-assignments, though they are otherwise sustainable.

Appeal from District Court, Gregg County; P. O. Beard, Judge.

Action by James Bowie against James C. Davis, Agent. Judgment for plaintiff, and defendant appeals. Affirmed.

Young, Stinchcomb & Strickland, of Longview, for appellant.

Jones, Sexton & Jones, of Marshall, for appellee.

HODGES, J. This appeal is from a judgment against the appellant for $4,000 as damages for personal injuries. The appellee, Bowie, was an employee of the appellant at Longview, Tex. In March, 1919, he and three other fellow employees were engaged in moving a truck loaded with an air pump, which weighed about 1,200 pounds. They were conveying the air pump from the roundhouse to the passenger station. The railway tracks at that point run practically east and west. Both the roundhouse and the station are situated on the north side of the tracks, and only a short distance

⚖☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

apart. The evidence shows that the appellee and one Will Powell were in front, pulling at the tongue of the truck, and the other two employees were behind, pushing. The appellee' was on the right, and Powell was on the left, of the tongue. They had pulled the truck out from the roundhouse, across the nearest track, and then turned west between the tracks, because the ground was smooth and level. After proceeding west about 30 feet they undertook to cross back to the north side of the track. At that point the rails were elevated a few inches above the ground. In his direct examination the appellee thus describes the cause of the injury and the manner in which it occurred:

"I was walking up close to the truck, and Will Powell was on the other side and had hold of the same handle. When we started to go across the rail Will Powell turned the handle loose, and the others shoved the truck, and that caused the right-hand wheel to shoot back. * * * The wheels of that truck would turn under the truck. It was built that way. When the right-hand wheel hit the rail these men that were pushing the truck shoved it hard. When they did that the front wheel hit the rail and shot back. Will Powell had turned it loose at that time. When it shot back it hit me in the side and knocked me down. * * * When the tongue knocked me down the air pump rolled forward and the truck popped up behind and turned over, and the air pump fell on me."

The suit is based upon the alleged negligence of Powell, a fellow servant, in releasing his hold on the tongue of the truck at the time and under the conditions above described.

In response to a general charge the jury returned a verdict, assessing the plaintiff's damages at $8.000. They found, however, that he had been guilty of contributory negligence, and deducted $4,000 from the value of his injuries, leaving $4,000 as the net amount awarded.

Counsel for the appellant presented a brief, in which there are numerous assignments of error and many propositions raising different questions, but the only assignments which are presented and discussed in a manner which can be considered in this appeal are those which question the sufficiency of the evidence to support the verdict of the jury.

[1] The evidence shows that when turning across the rail the truck approached the rail at an oblique angle, which caused the wheel on the right-hand side to come in contact with the rail first. The witnesses described the truck as being of that character which would enable them to turn the front wheels so as to cause them to both strike the rail at the same time. Powell testified that when the wheel hit the rail it cut back and snatched the end of the tongue of the truck

out of his hand. He did not turn it loose; it was jerked out of his hand. He said:

"The reason I turned that handle loose was because I couldn't hold it; it jerked loose from me."

Arthur Singleton, one of the employees who was pushing the truck, testified that those pulling at the tongue were able to guide the truck, and that they could have turned it so as to have both wheels strike the rail at the same time. He stated that if the appellee had suggested that the truck be turned so that both of the front wheels would strike the rail at the same time it could have been done, and, if this had been done, the truck would not have turned over. The appellee, testifying further, stated:

"When we started to cross, Will Powell turned his face to it [the truck], * * * and turned it loose, and this happened. When Will Powell turned his face nobody had hold of the tongue but me, and they shoved it. Somebody said, 'We had better cross; couldn't cross lower down.' Somebody said, 'Let's go across, boys.' I said, 'Let's go.' * * * When I said 'Let's go,' they shoved, and this negro turned loose. * * * We all said, 'Come on; let's go.' * * * When we all said, 'Let's go,' it all happened at the same time. Will turned loose at that time, and I was hurt at that time. * * * When I said, 'Let's go,' I meant for them to shove. I didn't only say it myself; all said it; and he turned it loose. I mean by 'Let's go' to get there, and meant for them to push to get it over. Will turned it loose by the time we got 'Let's go' out; he let it loose then, and the wheel hit the rail and shot back, and down I went."

It is upon this testimony that the verdict of the jury is based.

If the testimony of the appellee as to the conditions under which his injury occurred is true, Powell must have been guilty of an imprudence which contributed to the accident. That testimony shows that just at the important moment, when the wheel of the truck was to strike the rail, and when all the force of the men around the truck available for moving it was to be applied, Powell released the handle. The jury had a right to conclude that turning the handle loose at that time and under those conditions was negligence. It is true Powell denies that he turned the handle loose, but that denial simply presented an issue which the jury must determine in passing upon the credibility of Powell and the appellee.

[2] In view of the disposition made of the case it is unnecessary to consider the cross-assignments of the appellee. Not having appealed from the judgment rendered, he is not entitled to a reversal on those cross-assignments, even if they should be sustained.

The judgment will be affirmed.