**PROCTOR et al. v. CISCO & N. E. RY. CO. et al. (No. 774–4379.)**

(Commission of Appeals of Texas, Section A. Dec. 10, 1925.)

**1. Trial ⬥352(5)—Special issues held not to assume facts in issue.**

In action for death from pneumonia, claimed to be due to negligent failure of railroad to heat car properly, special issues *held* not to assume facts in issue, where in submitting them court made it clear that issuable facts must be found before issues could be answered.

**2. Trial ⬥122—Argument that defendant railroad could have produced other passengers not warranted under evidence.**

In action for death from railroad's negligence in failing to heat car, argument that railroad could have produced other passengers to disprove plaintiff's theory if it were not true *held* improper, where evidence did not show that other passengers were available.

**3. Trial ⬥121(2)—Inference on inference not proper basis for argument.**

Argument requiring an inference that testimony of passengers not called by railroad would have been adverse to it, to be based upon an inference that such passengers were available, cannot be sustained.

**4. Appeal and error ⬥1095—Finding of Court of Civil Appeals depending on conflicting evidence is conclusive.**

Holding of Court of Civil Appeals that argument of counsel was prejudicial, depending on probative force of evidence in case, *held* conclusive in Supreme Court, which is without jurisdiction to pass upon the weight to be given conflicting evidence.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Mrs. Emma Proctor and others against the Cisco & Northeastern Railway Company and others. Judgment for plaintiffs was reversed in the Court of Civil Appeals (272 S. W. 308), and remanded as to defendant named and rendered as to other defendants, and plaintiffs bring error. Affirmed.

B. Q. Evans, of Greenville, W. A. Shields, of Houston, and Chas. L. Black, of Austin, for plaintiffs in error.

Butts & Wright, of Cisco, and Hickman & Bateman, of Breckenridge, for defendants in error.

BISHOP, J. This is a suit by the plaintiffs in error against Cisco & Northeastern Railway Company and the receivers of the Texas & Pacific Railway Company, seeking to recover damages on account of the death of J. E. Proctor, alleged to have been caused by the negligence of the defendants in error in permitting the car in which he was riding as a passenger to become cold and disagreeable. It was alleged that on account of the cold and disagreeable condition of the car he contracted a severe cold, which developed into pneumonia, resulting in his death.

The evidence shows that the line of the Texas & Pacific Railway Company extended from Strawn to Cisco, and that of the Cisco & Northeastern Railway Company extended from Cisco to Breckenridge; that the receivers and the Cisco & Northeastern Railway Company were operating a through train from Strawn through Cisco over these lines to Breckenridge; that J. E. Proctor and his son, W. T. Proctor, purchased tickets at Strawn, which entitled them to be transported to Breckenridge, and were passengers on one of these trains; and that, having contracted pneumonia, about ten days thereafter J. E. Proctor died.

Under the evidence, an issue of fact was presented as to whether the car in which deceased was riding was permitted to become cold and disagreeable after the train was delivered by the receivers to the Cisco & Northeastern Railway Company at Cisco. There was no evidence that the car was permitted to become cold and disagreeable prior to the time it was so delivered.

In the district court judgment was rendered in favor of plaintiffs in error against both the receivers and the Cisco & Northeastern Railway Company. The Court of Civil Appeals reversed the judgment of the district court and rendered judgment in favor of the receivers, but remanded the cause for new trial as against the Cisco & Northeastern Railway Company. No error is assigned in the application for writ of error on the action of the Court of Civil Appeals in reversing and rendering judgment for the receivers.

In the district court the following questions were in the charge propounded to the jury, the answers being as indicated, to wit:

"Question No. 1: Did the car in which the deceased, J. E. Proctor, was a passenger at the time in question become cold and disagreeable? Answer Yes or No. Answer: Yes.

"Question No. 2: Did the agents and servants in charge of said car permit it to become cold? Answer Yes or No. Answer: Yes.

"If you have answered the preceding question 'Yes,' then answer the following question: Question No. 3: Was such servant or servants in charge of said car that permitted it to become cold guilty of negligence as that term is defined in the first paragraph of this charge? Answer Yes or No. Answer: Yes.

"If you have answered question No. 1 'Yes,' then you will answer the following question: Question No. 4: Did the deceased, J. E. Proctor, contract or take cold on account of the cold condition of the car? Answer Yes or No. Answer: Yes.

"If you have answered question No. 4 'Yes,' then answer: Question No. 4a: Was the cold condition of the car, if it was, the proximate cause of the deceased contracting or taking cold? Answer Yes or No. Answer: Yes.

"Question No. 5: Did pneumonia set up as a proximate result of his taking cold in said car or coach? Answer Yes or No. Answer: Yes.

"If you have answered question No. 1 'Yes,' then answer the following question: Question No. 6: Was the power of resistance of the deceased so lowered or weakened by exposure to cold in the car as that pneumonia later proximately resulted therefrom? Answer Yes or No. Answer: Yes."

[1] Objections were urged to questions 3, 4, 4a, 5, and 6 on the ground that these special issues were on the weight of the evidence, and assumed facts in issue. These objections were, by the Court of Civil Appeals, sustained. In submitting these questions, the court expressly charged the jury that answers should be made in the event they found the fact or facts which the defendants in error contend were assumed. The holding of the court in sustaining these objections is erroneous and in conflict with the holding of the Court of Civil Appeals in the case of Davis v. Christensen, 247 S. W. 308, which we approve, and in which writ of error was refused. We think the manner in which these issues were presented made it clear to the jury that no issuable facts were assumed, but that they were required to make their findings on all such facts. The form in which these issues were presented is not subject to the objections urged.

[2, 3] Error is assigned on the holding of the Court of Civil Appeals that the argument of counsel for plaintiffs in error before the jury was unwarranted and prejudicial to the rights of defendants in error. This argument was as follows:

"Now, listen; if they could find the identical tickets sold Proctor and son, why couldn't they go down the line and find other tickets sold other men; why couldn't they find the men they sold the tickets to—why couldn't they bring them here as witnesses; why couldn't they put them on the stand and show that in Cisco the thing did not occur like young Proctor said? They could have done it if the facts had existed; they would have had them here—don't you doubt it for one minute—they would have had them here testifying before this jury. Listen; I will tell you the reason they did not have them here: Not because they could not find them, but because they could, not because they

could not. They could—because they could, that is the reason they did not have them here, so the facts they wanted to prove by them did not exist; that is it; that is the trouble; that is the reason. But Proctor had no opportunity to find these men, because such tickets were not in his possession; he could not find out where tickets had been sold up and down the line for that purpose. He had no way of finding who was on that coach. He was not investigating this thing—talking about it four days afterward. The railroad company these boys worked for—the railroad company itself—four days after it occurred had heard a man got sick on account of being exposed in the car at Cisco; but why didn't they have the witnesses here? The trouble with them was that these witnesses, these passengers on that train, were not such witnesses as would vary from the truth, and if they had had them here they would have told the absolute truth of the condition that that car was in."

Defendants in error objected to this argument on the ground that it was in violation of the rules of the district court, it not being authorized by the evidence, and was prejudicial to their rights. This objection was overruled by the trial court, and the argument permitted.

There were many passengers in the coach besides the deceased and his son, referred to as "young Proctor" in this argument, all of whom were strangers to them. The defendants in error presented as evidence the canceled tickets from Strawn to Breckenridge held by deceased and his son. Young Proctor testified that the car was allowed to become cold and disagreeable. The employees of defendant in error Cisco & Northeastern Railway Company testified to the contrary. They also testified that no complaint was heard from any of the other passengers on the train. The conductor testified that he had been employed on this route from Cisco to Breckenridge about 2½ years. There was no evidence as to whether he did, or did not, know any of the passengers on this occasion.

Plaintiffs in error make claim that where testimony is available to a party and he does not produce it, it may be fairly argued that his failure to produce it is because of his belief that it will be unfavorable to him, and that a failure to produce available evidence always furnishes a basis for this inference. To support this claim, they cite the cases of Missouri-Pacific Ry. Co. v. White, 80 Tex. 202, 15 S. W. 808, and H. E. & W. T. Ry. Co. v. Boone, 105 Tex. 188, 146 S. W. 533, which appear to sustain this proposition.

Here, however, there is no evidence to show that this testimony was available, and we are of opinion that from the evidence in this case the availability of this testimony may not even be inferred. The fact that the defendants in error had preserved all canceled tickets, and when advised by the pleadings and the evidence that the deceased and his son had secured tickets from Strawn to Breckenridge could produce the canceled tickets, which were the only tickets issued to passengers between these places on this occasion, does not tend to show that from other tickets preserved they could identify any of the other passengers on this train. The railroad companies, knowing that deceased and his son secured these tickets at Strawn, could identify the tickets as theirs, because only two of such tickets were issued and used. There is nothing to show that, had it not been known they were passengers, that their identity could have been ascertained from the preserved canceled tickets. Nor from the fact that the conductor had been employed on this route between Cisco and Breckenridge for 2½ years could it be inferred that he knew any of the passengers on this particular train at this time. It might have been inferred that he was acquainted with some of the persons who were occasional or frequent passengers between these points, but there was no evidence that any of those were passengers on this occasion.

[4] Even if from the evidence it could have been inferred that the testimony of the other passengers, or any of them, was available to defendants in error, it would have been necessary to have used this inference as a basis for the further inference that such testimony would have been adverse to them. This cannot be done. This argument was permitted by the trial court in direct violation of the rule prescribed for the district courts providing that "counsel shall be required to confine the argument strictly to the evidence." The Court of Civil Appeals has held that this argument was prejudicial to the rights of defendants in error, and, as the question whether it was necessarily depends to some extent on the probative force of the evidence in this case, and as the Supreme Court is without jurisdiction to pass upon the weight to be given conflicting evidence, this holding is final and conclusive.

It is indeed unfortunate that a case otherwise properly tried must be reversed because counsel in his zeal has overstepped a rule made to insure fairness in the conduct of litigation. We can only suggest that an attitude of fairness toward an adversary will work a cure of many of the ills of which complaint is made in appellate courts. In this case plaintiffs in error were not entitled to the imaginary testimony of the other passengers on the train to corroborate their witness on the issue as to whether the coach was allowed to become cold and disagreeable.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.