## O'NEIL v. O'NEIL.
### No. 1328.

Court of Civil Appeals of Texas. Eastland.
Oct. 26, 1934.

Rehearing Denied Nov. 23, 1934.

T. R. Boone and Kearby Peery, both of Wichita Falls, for appellant.

Slay & Simon, of Fort Worth, for appellee.

FUNDERBURK, Justice.

After final decree of divorce in favor of Mrs. Frances O'Neil, against John O'Neil, in a suit from which, prior to judgment, issues concerning the custody of their children and division of their community property had, by agreement, been eliminated, this suit was brought by Mrs. O'Neil against her former husband, as follows:

(a) For custody of their two children.

(b) For one-half of all community property (subject to allowance to plaintiff of a homestead out of same).

(c) For certain separate property of plaintiff in possession of defendant.

(d) For attorney's fees in the divorce suit and this suit.

(e) For the establishment of a trust in favor of plaintiff and said minor children in separate property of the defendant, or in the alternative to have specific payments in money in lieu thereof out of said separate property.

In addition to the above, the suit was treated by all parties as one for the partition of property previously constituting the community estate of plaintiff and defendant. The defendant in his answer presented the contention that he had, out of his separate property, loaned, for use in the business to which the community property was devoted, large sums of money which he was entitled to have repaid, and which if repaid would leave no community property. No separate property of the defendant was traced into any specific community property and any purpose to do so was expressly disclaimed.

The case was tried with a jury up until the parties rested, at which time the trial judge on his own motion, and expressly over the objection of the defendant, discharged the jury and rendered judgment. The judgment recited that it appeared to the court that "the matters in controversy were questions of law and mixed questions of law and fact." Although the record fails to disclose that either party made request for conclusions of fact and law to be made and filed, comprehensive findings of fact were recited in the judgment. Most of the property involved in the suit was real property, but neither the pleadings of any of the parties, nor the judgment of the court, described any such property sufficiently for the purpose of partition. The court decreed that the defendant pay plaintiff the sum of $7,000 at the rate of $300 per month "from the proceeds derived from the rents, royalties and oil runs from the said community estate until said amount of $7,000 is fully paid, and a lien is hereby created against the entire community estate for the payment of the $7,000 in the manner herein set out." It was further decreed that upon the payment of said $7,000 in the manner directed defendant "shall be vested with the title in and to all the community estate, save and except the homestead in Wichita Falls, Texas, and that she (plaintiff) be divested of all title to the community estate, save and except the homestead in Wichita Falls, Texas, and the household and kitchen furniture, and that she be invested with title thereto, and that all of his interest therein is hereby divested out of him." The judgment awarded $3,000 for attorney's fees to certain named attorneys who were not parties to the suit. The amount so allowed as attorney's fees was declared to be a lien against all the community property adjudged to defendant, as well as his separate property. The judgment made no mention of the issue relating to the custody of the children. With reference to the independent cause of action for the recovery of certain separate personal property of the plaintiff alleged to be in the possession of the defendant, the court undertook to award recovery of a part only of it to plaintiff, but did this by directing that defendant deliver it to the clerk of

the court to be by the clerk delivered to plaintiff. After judgment, the plaintiff filed a motion to substitute certain findings for some of the findings first recited in the judgment, but the record shows no action on said motion. From the judgment the defendant has appealed.

Included in appellee's brief are certain cross-assignments of error. The judgment recites no exception thereto by either party, but the appellant who filed a motion for new trial, upon the overruling of same, excepted and gave notice of appeal, all of which is recited in the order.

■■ We have had some difficulty in satisfying ourselves that a final judgment is shown, so as to support the appeal. To hold it final we must construe it as having decreed that Mrs. O'Neil was not entitled to the custody of her two minor children. If the pleadings were sufficient to support a judgment in her favor for the custody of the children, then under the decisions of the Supreme Court the failure of the judgment to expressly dispose of that issue raises the implication that it was determined against the plaintiff. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Beaumont Irrigating Co. v. Delaune, 107 Tex. 381, 180 S. W. 98; Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77; Davies v. Thomson, 92 Tex. 391, 49 S. W. 215. The judgment recited findings that certain items of personal property were the separate property of plaintiff, but only awarded her recovery of two items (two rings). The judgment to be final must be construed as denying her recovery of the other items. There are other questions arising upon the record respecting the finality of the judgment; but, in view of the disposition which we have concluded must be made of the appeal if the judgment be final, we have deemed it advisable to assume, without deciding, that the judgment is final and appealable, the contrary not clearly appearing.

Appellant presents a number of assignments of error, but upon submission of the case, and as a part of the oral argument, urged but one question of law, and expressly stated that he waived all other errors, and requested the court that if we did not sustain the one contention to affirm the judgment of the court below. Appellant treats the suit as one for partition of community property, and insists that the undisputed evidence showed that he had made advances of money in specified amounts out of his separate property for the benefit of the community property, in that same had been used in the community business, and that he, therefore, was entitled to have same repaid to him out of the community property, and if any community property remained, to have only such remainder partitioned between the plaintiff and defendant. We think the pleadings in the case were insufficient to support a judgment of partition, but since both parties seem to have regarded the suit as one in part seeking partition, and have made no point of any insufficiency of the pleadings, we have concluded to pass upon the question presented.

■ The record does not show that the advancements were debts. They certainly were not debts owing by the plaintiff to the defendant. The most that can be said is that the advancements consisted of separate property of the defendant which may, or may not, have entered into improvements of some, or even all, of the community property. No relation of debtor and creditor was created. If the advancements were anything of a nature entitling the defendant to a reimbursement thereof, they were equitable charges, of the character which this court had occasion to consider and discuss at some length in Dakan v. Dakan, 52 S.W.(2d) 1070. The enforceability of such charges is dependent upon certain conditions. In the first place, they are only enforceable in a partition of property held in cotenancy. In the next place, the allowance, or reimbursement, is limited to such as is traced into the improvements of specific community property. And, lastly, regardless of the amount of the advancement which is traced into the improvements of specific property, the amount to be allowed upon partition is still further limited to the amount of enhancement in value of the improved property, due to the advances, which still exists at the time of the partition. These statements of what we conceive to be correct propositions of law are all deducible from our conclusions and the authorities cited in Dakan v. Dakan, supra. Further discussion of the subject is believed to be unnecessary. It was admitted that the evidence did not show that any of the advancements went into any particular community property. There could be no claim that the community property had been enhanced in value to any particular or definite amount. We therefore overrule appellant's sole ground for the reversal of the judgment.

■ It remains to consider and give effect, if any, to appellee's cross-assignments of error. The whole case having been brought here for revision by the appeal of the de-

fendant below, the plaintiff has the right, without appeal, by cross-assignments of error to have the case reviewed and disposition made of same, subject to the same conditions and limitations which would be applicable had she appealed and assigned the same errors. Woeltz v. Woeltz, 93 Tex. 548, 57 S. W. 35; St. Louis, A. & T. Ry. Co. v. Prather, 75 Tex. 53, 12 S. W. 969; Duren v. H. & T. C. Ry. Co., 86 Tex. 287, 24 S. W. 258; Caperton v. Wanslow, 18 Tex. 125; Carroll v. Carroll, 20 Tex. 732; Foley v. H. B. & T. Ry. Co., 50 Tex. Civ. App. 218, 108 S. W. 169, 110 S. W. 96.

 Some of the cross-assignments of error cannot, perhaps, properly be considered because of appellee's failure to present the matter to the trial court and reserve exceptions to an adverse ruling. One cross-assignment, however, challenges the action of the trial court "in investing the defendant John O'Neil with, and divesting the plaintiff Frances O'Neil of the title to all the community estate, except the homestead, and all of the notes and accounts receivable due the community estate of every kind." The subject of another cross-assignment of error is the action of the court in giving to plaintiff the sum of $7,000 in money and the homestead, instead of dividing the community property between plaintiff and defendant. If the pleading be assumed to be sufficient to support a judgment for partition, then nevertheless the court has not by its judgment decreed a partition. The provision of the judgment declaring that all the community property be vested in the defendant except the homestead and household and kitchen furniture, which was declared to be vested in the plaintiff, was in no sense a partition, nor incident to a partition. It was fundamental error for more reasons than one. Such a judgment was not supported by the pleadings. It provided for the divestiture of title to real estate, contrary to the express declaration of R. S. 1925, art. 4638. It was wholly void as being beyond the power and authority of the court to so decree. Aside from the statute having particular reference to the division of property in divorce suits, a partition suit does not involve a divestiture of the title to property. "A partition between joint owners does not confer title upon either, but has the effect only to dissolve the tenancy in common, and leave the title as it was before, except to locate such rights as the parties may have, respectively, in the distinct parts of the premises, and to extinguish such rights in all other portions of that property." Chace v. Gregg, 88 Tex. 552, 32 S. W. 520,

522; Davis v. Agnew, 67 Tex. 206, 2 S. W. 43, 376; Arnold v. Cauble, 49 Tex. 529; Walling v. Harendt (Tex. Civ. App.) 37 S.W.(2d) 280.

All that has just been said is equally and likewise true of the provision which undertakes to provide for plaintiff an income of $300 a month up to $7,000, out of the revenues of the community property, the title to which is attempted to be adjudged to the defendant. Such provision is no part of a partition proceeding. It responds to no pleading in the case, and if it did, we know of no such right in the plaintiff to have such payment made, or obligation of the defendant to make it. Besides, it contains the same vice as the other provision of the decree in attempting to divest title out of one cotenant to all the community property and vest it in another.

 There is a statement of facts accompanying the record. The court made no conclusions of fact and law, such as is provided for in R. S. 1925, art. 2208. No request was made for same. There being a statement of facts, there was no necessity for any of the parties to except to the judgment, and have the exception noted in the record thereof. The right of appellee to urge cross-assignments of error, the case having been duly appealed as to her, is not dependent upon exception to the judgment having been duly taken and noted in the record thereof. The only necessity for such exception is when upon appeal there is no statement of facts and it is sought to challenge the sufficiency of the trial judge's findings of fact. Tudor v. Hodges, 71 Tex. 392, 9 S. W. 443; Gillespie v. Crawford (Tex. Civ. App.) 42 S. W. 621; 3 C. J. 939, § 827; R. S. 1925, art. 2210.

 We are urged in an amicus curiæ brief to affirm that part of the judgment relating to attorney's fees, as being severable and distinct from other provisions of the judgment under attack. It is suggested that that provision of the judgment is not the subject of complaint by any of the parties. We are unable to concur in this view. This is not a divorce suit. So far as this case is concerned, the parties bear no other relation to each other than that of tenants in common. Kirkwood v. Domnau, 80 Tex. 645, 16 S. W. 428, 26 Am. St. Rep. 770. As a matter of law, one party in a partition suit is not entitled to recover of another party attorney's fees. An indefinite part of the attorney's fees allowed in this judgment is for services in the instant case. There is some question in our minds of the right to recover in this suit attorney's fees in the divorce case. Reasonable attorney's fees, the payment of

which upon order of the court in a divorce suit may be enforced, do not constitute a debt in the ordinary sense. This is demonstrated by the fact that refusal to pay same when ordered may be enforced by imprisonment. Ex parte Davis, 101 Tex. 607, 111 S. W. 394, 17 L. R. A. (N. S.) 1140. As a debt this could not be done under the Constitution prohibiting imprisonment for debt. Const. art. 1, § 18. Kirkwood v. Domnau, supra, is authority for the proposition that some things may be done in a divorce suit which cannot be done in another suit concerning the same subject-matter brought after the divorce. As there held, the court in a divorce suit may subject the homestead to use of the wife and children short of the divestiture of title, but cannot do so in a partition suit subsequently brought. However, it is unnecessary for us here to definitely determine this point. We are unwilling to foreclose the question by affirming that part of the judgment, even if there were no other obstacle. Again, the award is in favor of strangers to the suit. The judgment, therefore, is not supported by the pleadings.

There are other errors reflected by the record of a more or less fundamental nature, but it is believed sufficient has been said to enable the parties to retry the case without a repetition thereof.

For the reasons discussed we are of the view that the case should be reversed and the cause remanded at the cost of appellant, and it is accordingly so ordered.

Reversed and remanded.