## SINZ v. MEREDITH et al.

### No. 5484.

Court of Civil Appeals of Texas. Texarkana.

April 21, 1938.

Robert E. Mitchell, of Longview, and Hamlin Smithdeal and Otis Bowyer, Jr., both of Dallas, for relator.

Geo. Prendergast, of Marshall, for respondents.

HALL, Justice.

This is an application for mandamus against Hon. D. S. Meredith, district judge of the Special district court of Gregg county, and R. Lacy, Edwin Lacy, and George Prendergast, parties defendant, in a certain suit, No. 10235-B, in which relator is plaintiff, to compel Hon. D. S. Meredith, district judge, to proceed to try said cause.

It appears that R. Lacy, Edwin Lacy, and George Prendergast purchased the leasehold interest of relator in certain oil-producing lands in Gregg county, Tex., aggregating 12½ acres, and as a part of the consideration therefor they executed and delivered to relator vendor's lien notes aggregating $10,000. This indebtedness and the lien securing same constitute the subject matter of cause No. 10235-B.

Prior to the filing of cause No. 10235-B, known hereinafter as the last suit, cause No. 9004-B, known hereinafter as the first suit, was filed in the district court of Gregg county by F. D. Prince and others (plaintiffs) holding certain mineral interests under the original lease, against relator, R. Lacy, Edwin Lacy, George Prendergast, and other persons (defendants) not necessary to mention here, for the sum of $10,000 claimed to be due for excess or "hot" oil run by defendants from a certain one-acre tract of land.

In the first suit plaintiffs also sought to cancel the assignment of the oil and gas lease under which defendants held covering the one-acre tract from which the excess or "hot" oil allegedly had been produced, which one-acre tract comprised a portion of the 12½ acre leasehold purchased by R. Lacy, Edwin Lacy, and George Prendergast from relator; or, in the alternative, to fix a lien thereon to secure the payment of their damages. In the first suit defendants R. Lacy, Edwin Lacy, and George Prendergast filed their cross-action against relator seeking judgment for damages in case of loss to them of the title to the leasehold interest to the one-acre tract in controversy, and on relator's warranty of title to same.

Upon a trial in the first suit plaintiffs were given judgment against defendants, except R. Lacy, Edwin Lacy, and George Prendergast, for approximately $10,000 damages for excess or "hot" oil run, but judgment was refused them for the cancellation of the assignment of the leasehold interest in the said one-acre tract, or the fixing of a lien thereon. In said judgment the trial court dismissed without prejudice the cross-action of R. Lacy, Edwin Lacy, and George Prendergast, and these three defendants were absolved from any damages resulting from the running of excess or "hot" oil by some of the other defendants, one of whom was relator. Exception was reserved to said judgment by F. D. Prince and others (plaintiffs) and notice of appeal given, but same was not perfected by them.

The first suit is now on appeal in this court through the efforts of P. Sinz and others adversely affected by the judgment, and F. D. Prince and others, royalty owners, are appellees. R. Lacy, Edwin Lacy, and George Prendergast are not parties to that appeal.

Effort was made by relator on several occasions to try the last suit, but the judge has refused to try same, the reason therefor being stated in the following orders:

"3–3–37. Continued without prejudice to any pleas or rights of parties until after disposition of 9004-B, styled Prince vs. Rineman et al, which plaintiff excepts.

"11–29–37. Defendant's motion for continuance granted, the Court holding that the order of 3-3-37 is effective until cause 9004-B is finally disposed of, and therefore decline to try this cause upon merits until disposition of 9004-B. Plaintiff excepts. Jas. V. Leak, Special Judge.

"2–10–38. Order of 3-3-37 and 11-29-37 set aside, and Court refuses to try case until Cause No. 9004-B is finally disposed. D. S. Meredith, Jr."

Relator's first proposition is: "When the trial judge set aside all previous orders relating to a hearing on the case, and entered an order in which he refused to proceed with the trial, the plaintiff as a matter of right is entitled to a writ of mandamus compelling him to do so."

 It is apparent from a reading of the three docket entries set out above that the trial judge has not arbitrarily refused to try the last suit, but his action amounts, at most, to a continuance of same, on his own motion, until the final disposition of the first suit. All the parties to the last suit were parties to the first one, and though the cross-action of R. Lacy, Edwin Lacy, and George Prendergast was dismissed and a cancellation of the assignment to P. Sinz and others was denied by the judgment of the trial court in the first suit, still the entire judgment in the first suit is before us for review. And as soon as the appeal was perfected by appellants, the right of appellees, royalty owners, to cross-assign error to that portion of the judgment adverse to them became absolute. Cain v. Bonner, 108 Tex. 399, 194 S.W. 1098, 3 A.L.R. 874; Ward v. Scarborough, Tex.Com.App., 236 S.W. 441. Appellees are not required to file their cross-assignments of error until they file their brief in this court. R.S. art. 1844, Vernon's Ann.Civ.St. art. 1844. We judicially know that the first suit has not been set for submission in this court and that the time limit for filing cross-assignments of error has not been reached, but we do not know that they will forego the filing of cross-assignments. Therefore, should the appellees in the first suit file cross-assignments of error directed to that portion of the judgment adverse to them and be successful in having this court and the Supreme Court reverse the judgment of the lower court on their contention with respect to their right to cancel the assignment of the original lease under which all the defendants in the first suit hold, certainly the rights of R. Lacy, Edwin Lacy, and George Prendergast would be seriously affected. They would be forced to defend their title, on another trial of the first suit, to the one-

acre tract of land in controversy, upon which is a producing oil well, and also would have to implead their assignor, P. Sinz, relator herein. And should judgment be against them finally, they would lose the title to the one acre with its producing oil well. So, it is a reasonable deduction from the order of the trial court that he considered it equitable to await the final disposition of the first suit before proceeding to trial in the last suit, involving, as it does, a part of the purchase price for the assignment of valuable oil land by relator to respondents R. Lacy, Edwin Lacy, and George Prendergast, a portion of which land is the one acre involved in the first suit. If ultimately the respondents R. Lacy, Edwin Lacy, and George Prendergast should lose title to the one acre of land, they could and would be permitted to plead such loss against relator in the last suit. A mandamus will not lie to compel a trial judge to perform an act which involves judicial discretion, unless the acts complained of show clearly an abuse of such discretion. Tex.Jur. vol. 28, §§ 30 and 31. So it is our opinion that the action of the trial judge in continuing the last suit on his own motion to await the final disposition of the first suit is not so unreasonable as to amount to an abuse of discretion, and cannot be considered as a refusal to try the last suit. Matagorda Canal Co. v. Styles, Tex.Civ.App., 207 S.W. 562; Brämmer v. Campbell, Judge, Tex.Civ.App., 76 S.W.2d 791; Tex.Jur. Vol. 28, p. 569, § 31. This holding renders a discussion of the other propositions unnecessary.

Mandamus is denied.