## WOOD v. ORTS.

### No. 11436.

Court of Civil Appeals of Texas. San Antonio.

Aug. 9, 1944.

Rehearing Denied Sept. 6, 1944.

John Q. Adams, of Harlingen, for appellant.

Carter & Stiernberg, of Harlingen, and Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellee.

MURRAY, Justice.

This is a suit under the so-called guest statutes. Art. 6701b, Vernon's Ann.Civ. Stats.

E. P. Orts was the owner and driver of the automobile. Mrs. Edna Wood, A. N. Mathis and Miss Rose Prather were his guests in the automobile. While returning from Matamoros, Mexico, to San Benito, Texas, the automobile struck five guard posts and crashed into the abutment of a bridge on their left-hand side of the road. Mrs. Wood and A. N. Mathis were killed, and Miss Rose Prather and E. P. Orts were injured. William Scott Wood, son of Mrs. Edna Wood, suing through his guardian, Mrs. Sophie Dvorak, brought this suit against E. P. Orts seeking to recover his damages caused by the death of his mother.

The trial resulted in a judgment that plaintiff take nothing; such judgment being based upon an instructed verdict to that effect.

The plaintiff has prosecuted this appeal.

It may be conceded at the outset that Mrs. Edna Wood's death was caused by the negligent driving of his automobile by E. P. Orts, but the question in the case is, was such negligence of such a heedless and reckless nature as to permit a recovery under the guest statutes, Art. 6701b, supra?

We have concluded that as a matter of law it was not of that nature, and that the trial court properly instructed the jury to return a verdict for the defendant.

Appellant contends that inasmuch as the evidence shows that appellee "was driving his automobile at night at a rate of speed of at least seventy-five miles per hour on the left-hand shoulder of the paved highway for a distance of about 189 feet, and without keeping a proper lookout and without applying his brakes or slackening his speed, and without turning said automobile to the right, knocking down a row of five guard posts about ten inches in diameter and spaced ten feet apart and then went on to crash into the steel buttress of a bridge located on a straight highway, said posts and bridge being visible at night for a distance of from 200 to 300 yards," it was sufficient, as a matter of law, to raise the issue for the jury that the defendant (appellee) at said time was operating his automobile in a manner of reckless and heedless disregard of the rights of others, within the meaning of Article 6701b, supra. We cannot agree with this contention. Driving at an excessive rate of speed, failure to keep a proper lookout, driving on the left-hand side of the road, failure to apply the brakes and failure to slacken the speed, are all acts of ordinary negligence, and do not in themselves constitute reckless and heedless disregard of the rights of others. (As to speed) Mayer v. Johnson, Tex.Civ.App., 148 S.W.2d 454; Crosby v. Strain, Tex.Civ.App., 99 S.W. 2d 659; Glassman v. Feldman, Tex.Civ. App., 106 S.W.2d 721; (as to failure to keep a proper lookout and failure to turn to the left) Linn v. Nored, Tex.Civ.App., 133 S.W.2d 234; Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022; (mere inadvertence or inattention is not gross negligence) Wright v. Carey, Tex.Civ.App., 169 S.W. 2d 749.

The authorities unanimously hold that heedless and reckless disregard of the rights of others means gross negligence. Mayer v. Johnson, supra.

"Gross negligence" is defined to mean an entire want of care which would raise a presumption of a conscious indifference to consequences. Mayer v. Johnson, supra.

There is nothing in this record which would raise a presumption that E. P. Orts, on the occasion of the accident, had a conscious indifference to consequences.

No member of the party had warned him that he was driving in a reckless manner, or that he was too sleepy to drive, or was too intoxicated to drive, but, on the contrary, all seemed to be satisfied with the manner in which he was driving, when suddenly the car began to go to the left side of the road and continued to do so until the guard posts were knocked down and the car ran into the abutment to the bridge where it crashed. Orts was in as much danger as were his passengers and there can be no rational explanation of what that happened, other than that suddenly Orts fell asleep or became unconscious, or in some other manner lost control of the automobile.

The judgment of the trial court is affirmed.