### BOWMAN v. PUCKETT.

No. 11463.

Court of Civil Appeals of Texas. San Antonio.

Nov. 29, 1944.

Rehearing Denied Jan. 31, 1945.

S. N. McWhorter, of Weslaco, and Davenport & Ransome, of Brownsville, for appellant.

Strickland, Ewers & Wilkins, of Mission, Boone, Henderson, Boone & Davis, of Corpus Christi, and Magus F. Smith, of Mission, for appellee.

MURRAY, Justice.

This suit was instituted by Lillian E. Bowman, individually and as guardian and next friend of Rhoda Jeanne Bowman, a minor, against Lee Ross Puckett seeking to recover damages caused by the death of her husband, Pierce Albert Bowman, which occurred while riding as a guest in Puckett's automobile.

The trial was before the court without the intervention of a jury and resulted in judgment in favor of Mrs. Bowman in the sum of $2500, to be divided $1639.50 to Mrs. Bowman and $860.50 to the daughter. Both plaintiff and defendant excepted to the judgment and gave notice of appeal, but Lillian E. Bowman alone has perfected an appeal to this Court, contending that the undisputed evidence entitled her to a judgment for the full amount alleged, instead of for the $2500 awarded her by the court.

The trial court made findings of fact as follows:

"Findings of Fact.

"I find that Plaintiff, Lillian E. Bowman, is the surviving wife of Pierce Albert Bowman, deceased, and that Rhoda Jeanne Bowman is the minor child of said couple.

"I find that Pierce Albert Bowman died as the result of injuries received by him on November 17, 1943, when the automobile in which he was riding crashed into a palm tree in the City of Weslaco, Texas.

"I find that at the time of such crash Bowman was a non-paying guest of the defendant, Puckett, and that the latter was the owner and driver of the car at the time of such crash.

"I find that under the circumstances existing at the time of such crash, and im-

mediately prior thereto, the defendant was driving his automobile at a speed which amounted to a heedless and reckless disregard of the rights of others, including the deceased.

"I find that such act of driving said automobile at a terrific rate of speed on a main thoroughfare in the City of Weslaco was not one of momentary thoughtlessness, but was an act which had been persisted in by the defendant from the time he entered such City until he had driven several blocks to the point of such crash.

"I find that such heedless and reckless disregard of human rights on the part of the defendant amounted to gross negligence.

"I find that such gross negligence was the proximate cause of the injuries which resulted in the death of Pierce Albert Bowman.

"I find that as a result of the death of her husband the plaintiff, Lillian E. Bowman, has sustained damages in the sum of $1639.50.

"I find that the minor child, Rhoda Jeanne Bowman, has suffered damages in the sum of $860.50 as a result of the death of her father, Pierce Albert Bowman."

The first question to be considered is the sufficiency of the evidence to sustain the trial court's finding to the effect that the defendant, Lee Ross Puckett, was guilty of gross negligence.

This suit is controlled by the provisions of Art. 6701b, Vernon's Ann.Civ. Stats., commonly called the guest statute, and unless Puckett, the owner and driver of the automobile in which Bowman was riding at the time of the accident as a nonpaying guest, was guilty of conduct amounting to a heedless and reckless disregard of the rights of others, there ordinarily can be no recovery. This heedless and reckless disregard of the rights of others is held to be the same as gross negligence. Mayer v. Johnson, Tex.Civ.App., 148 S.W.2d 454.

The trial judge found as a fact that, under the circumstances existing at the time of such crash and immediately prior thereto, the defendant was driving his automobile at a speed which amounted to a heedless and reckless disregard of the rights of others, including the deceased, Bowman. The evidence does not support this finding. Puckett was driving at a rate of speed between 75 and 90 miles per hour. He was driving at this rate of speed when he entered the city limits of the City of Weslaco and traveled several blocks without slackening his speed. The crash occurred upon the main thoroughfare of the city, which was usually crowded with traffic, but which was not crowded at the time of the accident. Puckett knew, or should have known, that his brakes were out of order and might grab or lock, because he had so told his wife some three months before the accident. Puckett tried to slacken the speed of his automobile just before the accident but the defective condition of the brakes caused it to get out of control and to crash into a palm tree, causing the death of Bowman. There were skid marks on the pavement for more than 300 feet, indicating Puckett was trying to stop or slacken his speed just before the crash. Puckett and Bowman were friends and there is no intimation that Puckett desired to injure Bowman, but, on the contrary, he was very sorry that Bowman was injured and killed. The evidence does not show that Bowman objected in any way to the speed at which the automobile was being driven. The trip was being made for the mutual pleasure of Puckett and Bowman. Wood v. Orts, Tex.Civ.App., 182 S.W.2d 139; Texas Pacific Coal and Oil Company v. Robertson, 125 Tex. 4, 79 S.W.2d 830, 98 A.L.R. 262; Linn v. Nored, Tex. Civ.App., 133 S.W.2d 234; Pfeiffer v. Green, Tex.Civ.App., 102 S.W.2d 1077; Mayer v. Johnson, Tex.Civ.App., 148 S.W. 2d 454; Hamilton v. Perry, Tex.Civ.App., 109 S.W.2d 1142; Glassman v. Feldman, Tex.Civ.App., 106 S.W.2d 721; Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022.

In Crosby v. Strain, Tex.Civ.App., 99 S.W.2d 659, 662, Chief Justice Smith, speaking for this Court, said: "That (guest) statute was enacted for the purpose of putting an end to suits by injured nonpaying guests against their hosts except in those extreme cases defined in the act. If the bar of the statute is once let down to admit cases of ordinary negligence, or even higher degrees of negligence short of wantonness or of the heedless and reckless disregard of the rights of others plainly contemplated by the statute, then the object and purpose of the legislation will easily and soon be destroyed."

The evidence failing to show that Puckett was guilty of conduct amounting to heedless and reckless disregard of the

rights of others, the trial judge did not err in failing to render judgment for the full amount of damages prayed for by plaintiff. We do not deem it necessary to discuss the alleged inadequacy of the amount of damages awarded by the trial court, in view of the above holding.

The appellee not having appealed from the judgment of the trial court, is not entitled to here seek affirmative relief, accordingly, the judgment is affirmed.

### On Motion for Rehearing.

 We have decided that we were in error in holding that appellee could not seek affirmative relief because he did not perfect his appeal. Rule 420, T.R.C.P., provides that if an appellee desires to complain of any ruling or action of the trial court, his brief in regard to such matters shall follow substantially the form of the brief for appellant. This provision undoubtedly authorizes an appellee to assign error by way of cross-points. The only limitation upon this right is that an appellee who has not himself taken an appeal may make cross-points so long as they affect the interest of the appellant or bear upon matters presented in the appeal. 3 Tex.Jur. p. 873, Sec. 609, p. 1029, Sec. 727. Under the former court rules the right of an appellee to file cross-assignments of error was provided for by District Court Rule 101 (159 S.W. XI). This right is in effect brought forward by said Rule 420.

There are any number of decisions construing the rights of an appellee under the provisions of Rule 101, and there is no reason why the same construction should not be given to the provisions of New Rule 420.

In Duren v. Houston & T. C. Ry. Co., 86 Tex. 287, 24 S.W. 258, 259, Justice Gaines, speaking for the Supreme Court, said: "Where one party appeals, the other may file cross assignments of error, and procure a reversal of the judgment in his favor, provided he shows error to his prejudice. Caperton v. Wanslow, 18 Tex. 125; Carroll v. Carroll, 20 Tex. 731; [St. Louis, Arkansas & Texas] Railway Co. v. Prather, 75 Tex. 53, 12 S.W. 969. The report of the case last cited does not fully disclose its history; but we have examined the record, and find that the defendants below excepted to the judgment, and gave notice of appeal, and filed an appeal bond and assignments of error. The plaintiffs excepted to the judgment, and failed either to give notice of appeal or to file bond, but they assigned errors. The appellants having failed to file a brief, their assignments were disregarded. The case was considered on the cross assignments, and the judgment was reversed in favor of the appellees."

This case has never been overruled and has been continuously cited with approval. Ward v. Scarborough, Tex.Com.App., 236 S.W. 441; Cain v. Bonner, 108 Tex. 399, 194 S.W. 1098, 3 A.L.R. 874; O'Neil v. O'Neil, Tex.Civ.App., 77 S.W.2d 554.

In Sinz v. Meredith, Tex.Civ.App., 116 S.W.2d 464, 465, the Court said: "And as soon as the appeal was perfected by appellants, the right of appellees, royalty owners, to cross-assign error to that portion of the judgment adverse to them became absolute."

The only authority we have found to the contrary is Davis v. Bowie, Tex.Civ.App., 247 S.W. 308, 309, in which the court said: "In view of the disposition made of the case it is unnecessary to consider the cross-assignments of the appellee. Not having appealed from the judgment rendered, he is not entitled to a reversal on these cross-assignments, even if they should be sustained."

No authorities are cited in support of this holding and it is out of line with the other authorities.

 In the case at bar appellee excepted to the findings of the trial court, filed a motion for a new trial, excepted to the judgment and gave notice of appeal. He did not file an appeal bond, but did file cross-points contending that the evidence was insufficient to show gross negligence and that therefore no judgment should have been rendered against him. We sustain this contention.

The judgment heretofore entered by us affirming the judgment will be set aside, the judgment of the trial court will be reversed and judgment here rendered that appellant take nothing. Appellants' motion for a rehearing will be overruled and that of appellee granted.