W. L. FOLEY v. HOUSTON BELT & TERMINAL RAILWAY COMPANY.

Decided April 14, 1908.

1.—Appeal—Dismissal by Appellant—Cross Assignments by Appellee—Practice.

Where both parties gave notice of appeal from a judgment, but the plaintiff alone perfected the appeal and filed a transcript in the Appellate Court, a motion by the appellant to dismiss his appeal and the granting of such motion will not deprive the Appellate Court of jurisdiction to consider and pass upon cross-assignments of error duly presented by the appellee. (Chief Justice Pleasants dissenting.)

2.—Assignment of Error—Bill of Exception—Variance.

When a bill of exception, referred to in an assignment of error based upon the admission of evidence, fails to show that exception was taken to the action of the court in admitting such evidence, the assignment must be overruled.

**3.—Same—Value of Property—Qualified Witness.**

Where it was shown that a witness who undertook to testify as to the value of certain real property in a city had lived in such city for more than forty years, had been engaged in the real estate business in such city for about ten years next preceding the trial, and who was shown by other witnesses to be acquainted with the market value of property in that neighborhood, the court did not err in holding the witness qualified to testify as to the value of the property in question.

**4.—Continuance—Agreed Testimony—Admissibility.**

When, in order to prevent a continuance by a defendant in a condemnation proceeding because of the absence of a certain witness, counsel for plaintiff agreed in writing that the witness, if present, would testify to certain facts, and on appeal from the award of the Commissioners to the County Court the agreement was admitted in evidence without valid objection, testimony as to the purpose for which the agreement was made was irrelevant, and properly excluded.

**5.—New Trial—Number of Witnesses, Immaterial.**

The mere fact that a party had the greater number of witnesses upon an issue is not of itself sufficient reason for reversing the case on appeal when the verdict was against such party. In a condemnation proceeding, evidence considered, and held sufficient to support the verdict.

Appeal from the County Court of Harris County. Tried below before Hon. A. E. Amerman.

*O. T. Holt* and *Cobb & Crawford,* for appellants.—The value of the defendants' property at the time of trial being the measure of defendants' damage, it was error to admit evidence of the sale of any property in the neighborhood prior to the date of the trial without showing the relation of the market price of the property at the time of the sale inquired about, to the price at the date of trial. Sullivan v. M., K. & T. Ry. Co., 29 Texas Civ. App., 429; Dennison & P. S. Ry. Co. v. Cummins, 42 S. W., 588; 2 Lewis on Eminent Domain (2nd ed.), sec. 443.

A witness showing familiarity with the property in question, and its general surroundings, is competent to testify as to his opinion of the value of said property. Sullivan v. M., K. & T. Ry. Co., 29 Texas Civ. App., 429; San Antonio & A. P. Ry. v. Ruby, 80 Texas, 175.

By market value in law is meant such price as the owner would be able to obtain after a reasonable and ample time in which to find a purchaser. Little Rock Junction R. R. Co. v. Woodruff, 4 Am. St. Rep., 51.

A bona fide effort to agree as to compensation is a condition precedent to a valid condemnation, and such fact must appear upon the record of the proceedings or they will be void. Revised Statutes, art. 4442, et seq.; General Laws, 1899, p. 105; General Laws, 1901, p. 20; Porter v. Abilene, 16 S. W., 107; Barnes v. Chicago, R. I. & T. Ry. Co., 33 S. W., 601; Galveston, H. & S. A. R. R. v. Mud C., etc., Co., 1 W. & W. C. C., p. 169; Parker v. Ft. Worth & D. C. Ry. Co., 84 Texas, 333; 2 Lewis on Eminent Domain, (2 ed.), p. 742; 7 Enc. Plead. & Prac., p. 476.

The written agreement of the parties, by their attorneys, that an

absent witness will testify as stated in such agreement is conclusive, and may be introduced upon a trial of the case subsequent to the trial upon which it was first introduced, unless it appears from the terms of such agreement that it was only intended to be used upon a particular trial. Lee v. Wharton, 11 Texas, 61; Prestwood v. Watson, 111 Ala., 604; s. c., 20 So., 600; Holley v. Young, 68 Me., 215; s. c. 29 Am. Rep., 40; Greenleaf on Evidence, sec. 186; 4 Wigmore on Evidence, sec. 25-93.

It having been shown that I. C. Stafford was acquainted with the property, the neighborhood and property values in the neighborhood, and that he was engaged in the real estate business, his opinion was competent as to the value of the property in question. Houston & T. C. Ry. Co. v. Knapp, 51 Texas, 592; Ft. Worth & D. C. Ry. Co. v. Hogsett, 67 Texas, 685; Lewis on Em. Dom. sec. 437 (2d ed.).

*Andrews, Ball & Streetman*, for appellee.—Where an agreement is made only for the purpose of preventing a continuance of the cause, and it is not contemplated that the same shall be used upon any subsequent trial, such an agreement is not admissible upon such subsequent hearing. Imhoff v. Whittle, 84 S. W., 243; Prestwood v. Watson, 111 Ala., 604, 20 So., 600.

A party against whom an admission is offered, is entitled to show the circumstances under which such agreement is made, for the purpose of affecting the weight to which such agreement is entitled as evidence. Bartley v. Comer, 13 Texas Ct. Rep., 817; St. Louis, etc. Ry. Co. v. Hall, 15 Texas Ct. Rep., 869.

REESE, Associate Justice.—This is an appeal from a judgment of the County Court in a proceeding to condemn for the use of appellee certain property belonging to appellant. Judgment was rendered upon a verdict of a jury condemning the property and awarding appellant $55,000 as the value thereof. Motions for new trial were filed both by appellant and appellee but were overruled and notice of appeal was given by both parties. Appellant perfected his appeal and filed assignments of error in the lower court and in proper time filed the record on appeal and his briefs in this court. Appellee did not perfect its appeal but has filed cross-assignments of error, which are urged as grounds for reversal of the judgment and which are incorporated in its brief, a copy of which was filed with the clerk of the trial court, in all respects in conformity with rule 101, Rules for the District and County Courts.

When the case was called for submission appellant by written motion prayed that the appeal be dismissed. Appellee, also by motion in writing, objects to the dismissal in so far as it affects its right to be heard upon its cross-assignments of error, and insists that the same be considered notwithstanding appellant's motion to dismiss his appeal.

We do not find that the question raised has ever been directly passed upon in this State. While the right to file cross-assignments of error is not given by statute, it has been always recognized in our practice and is expressly recognized, and the manner in which it

should be done prescribed, by the rules of court adopted by the Supreme Court. (Rule 101 for District Courts.)

In the case of Duren v. Houston & T. C. Ry. Co., (86 Texas, 291), speaking of the case of St. Louis, A. & T. Ry. v. Prather, (75 Texas, 53), the Supreme Court says: "The report of the case last cited does not fully disclose its history, but we have examined the record and find that the defendants below excepted to the judgment and gave notice of appeal, and filed an appeal bond and assignments of error. The plaintiff excepted to the judgment and failed either to give notice of appeal or to file bond, but they assigned errors. The appellants having failed to file a brief their assignments were disregarded. The case was considered on the cross-assignments and the judgment was reversed in favor of appellee."

While not deciding the question here involved, we think that the decision recognized the right of the appellee to be heard on his cross-assignments, notwithstanding the abandonment of the appeal by the appellant, whether such abandonment be evidenced tacitly, by a failure to prosecute the appeal, or by an express renunciation thereof by a motion to dismiss. The principle is the same. In the present case the appellee has, in every way except by filing an appeal bond and itself bringing up the record, a wholly unnecessary proceeding in view of the act of appellant in doing both, manifested a lively dissatisfaction with the judgment and a desire to have it reversed. It made a motion for a new trial, and upon the overruling thereof, gave notice of appeal and procured an order allowing twenty days to file a statement of facts, and has filed cross-assignments of error, upon consideration of which it urges that the judgment be reversed. The record being here, and both parties in court we can see no sufficient reason why we should allow appellant's declaration, as embodied in his motion, that the judgment is satisfactory to him, to prevent a hearing upon the cross-assignments. It seems to us a simple, direct way of trying out the issues, fully presented by the record, and it is in harmony with the practice in similar cases in the District Court. (Duren v. Houston & T. C. Ry. Co., 86 Texas, 291; St. Louis, A. & T. Ry. Co. v. Prather, 75 Texas, 53; Brown v. Hudson, 14 Texas Civ. App., 605.)

It is not pretended that the cases cited decide the precise question presented, but the precise question was presented and decided in the Supreme Court of Indiana in Feder v. Field (20 N. E., 129) in accordance with the views here expressed. The facts were practically identical with those in the present case, except that it does not appear that appellee in that case had been as active as in this, in an endeavor to have an objectionable judgment corrected in the trial court. In that State, as here, the right to file cross-assignments of error on appeal was not provided for by the Code, but was recognized by the practice and by a rule of court, as in this State. It was held that when the appellant dismisses his appeal, the case will be retained for the purpose of adjudicating the assignment of cross-errors, and appellant can not prevent such adjudication by a dismissal of the appeal. The opinion seems to us to be well considered, and to establish the correct rule in such cases.

A majority of the court are of the opinion that appellee has a right to have its cross-assignments of error adjudicated, notwithstanding the motion of appellant to dismiss his appeal, and it is so ordered. Chief Justice Pleasants dissents from this conclusion and will express his views in a separate opinion.

This is an appeal originally prosecuted by the defendants, W. L. Foley, et al., from a judgment of the County Court of Harris County in condemnation proceedings instituted by the Houston Belt and Terminal Railway Company. By the award of the commissioners the property sought to be condemned was valued at $64,000. Opposition to this award was filed by both parties, which came on to be heard in the County Court before a jury, which resulted in a verdict and judgment for Foley, et al., for $55,000, as the value of the property. Both parties filed motions for a new trial, which were overruled, and both parties thereupon gave notice of appeal. Foley, et al., perfected their appeal by giving bond and brought the case to this court.

At a former day of this term appellants, Foley, et al., moved the court to dismiss the appeal. To this dismissal, in so far as it might affect its right to be heard on cross-assignments of error filed by it, appellee objected. In passing upon this matter this court dismissed the appeal as to appellants, but retained the case for a determination of appellee's cross-assignments, Chief Justice Pleasants dissenting from the majority on the ground that the dismissal of the appeal on motion by appellants carried with it the whole case, and deprived this court of further jurisdiction, to which conclusion he adheres. The case is now before us in accordance with the opinion of the majority of the court, upon appellee's cross-assignments of error.

By its first cross-assignment appellee assails the action of the court in admitting in evidence over its objection the following agreement of counsel properly signed as to the testimony of I. C. Stafford:

"It is agreed by and between the parties to this suit, that the witness, I. C. Stafford, a real estate agent in the city of Houston, if present, would testify that the property of W. L. Foley and other defendants in this suit, on the corner of Jackson Street and Texas Avenue, including improvements and everything, is worth the sum of $70,000; said property being the property involved in this suit."

In connection with its objection to this evidence appellee offered evidence to the court, being the testimony of J. M. Lewis, one of its attorneys, that the agreement was made and entered into at the hearing before the commissioners, when appellants sought a continuance of the cause on account of the absence of the witness, and was only intended to serve the purpose of that trial; that afterwards and when the appeal was taken appellants prepared interrogatories to said witness, which were crossed by appellee, and commission was issued thereon and placed in the hands of a notary. It appears that the death of Stafford prevented the taking of his deposition. The matter of the agreement was afterwards mentioned to appellee's counsel, but he refused to agree that it might be used upon the trial before the County Court. The assignment is as follows:

"The court erred in the trial of said case in admitting in evidence a certain agreement concerning the testimony of I. C. Stafford, because it appeared from the evidence introduced in connection with said agreement, that the same was made only for the purpose of preventing the continuance of the case before the commissioners, and was not made for the purpose of being used upon any other trial of said cause, as more fully appears from plaintiff's bill of exceptions contained in pages 95 to 97, of the record of this cause."

After the objection was overruled appellee offered again to introduce before the jury, to be taken by them with the written agreement as to the testimony of Stafford, the testimony of Lewis theretofore offered to the court upon the question of the admissibility of the document in regard to the circumstances under which the agreement had been made, to which testimony appellants objected, and to which ruling appellee excepted.

The bill of exceptions referred to in the assignment of error as contained on pages 95 to 97 of its brief and copied as a part of the statement under the assignment, refers solely, as ground of the exception, to the action of the court in refusing to allow the testimony of Lewis to the jury. The action of the court in admitting the document in evidence and appellee's objection thereto are recited in the bill, but it is not stated that any exception was taken to such ruling. On the contrary, it is specifically stated that, "to the ruling of the court in refusing to admit the testimony of said J. W. Lewis before the jury and in instructing the jury not to consider the same the plaintiff then and there in open court at the time excepted, etc." So it will be seen that the bill of exceptions affords no support to the assignment which, for that reason, must be overruled.

By the second cross-assignment the objection is presented that the court erred in admitting in evidence the agreement referred to concerning the testimony of I. C. Stafford, on the grounds that the testimony purported to give the value of the entire property and that there was no evidence to show that Stafford was qualified to testify as to the value of the improvements upon said property. The bill of exceptions shows that objection was made, that it was not shown that the witness was qualified to testify to the value of the property generally. To meet this objection appellant proved by a witness that Stafford, in the knowledge of the witness, had been living in Houston since 1897 or 1898, engaged in the real estate business. The trial was in 1907. The witness further testified that his understanding was that the witness Stafford had lived in Houston, on Texas Avenue and Emanuel Street, just beyond the Foley property, since 1860 up to a year or two before his death; that he was about seventy years old when he died in 1906. The witness further testified to his having had several transactions with Stafford and that he knew the market value of property in that neighborhood.

It is not objected in this assignment that Stafford was not shown to have had sufficient knowledge of the value of the real estate, separate from the improvements. We think that the proof of his

long residence near the property, together with the fact that he had been engaged in the real estate business, that is, in negotiating sales and purchases of real estate, the prosecution of which business necessarily required a peculiar and expert knowledge of the values of improved real estate in the city in which he prosecuted his business, qualified him to testify as to the value of the entire property. The property was to be valued as a whole and the appellant had a right to show its value as a whole. This might be done either by the testimony of the value of the lots in their improved condition, or by the value of the naked lots, and added thereto the value, cost, etc., of the improvements. The court did not err in holding the witness qualified to testify as to the value of the property. (1 Wigmore on Ev., sec. 714.) The assignment is overruled.

The third cross-assignment of error complains of the ruling of the court in refusing to allow the witness Lewis, attorney for appellee, to testify before the jury as to the circumstances under which the agreement had been made with counsel for appellants concerning the testimony of Stafford. This testimony was first introduced before the court in support of appellee's objection to the admissibility of the evidence. Its purport has been stated. This testimony could not, in any proper way, affect the jury's estimate of the credibility of the witness or the weight to be attached to his statements as to the value of the property. It might with as much propriety be argued, when this evidence was introduced before the commissioners, for which purpose only appellee contends it was made, that it should have been allowed then to introduce before the commissioners this evidence to show that the agreement had been made to prevent a continuance, as affecting the weight to be attached to it. The cases cited in appellee's brief have no application. The assignment is overruled.

The fourth cross-assignment complains that the amount awarded by the jury as the value of the property is grossly excessive, against the overwhelming weight and preponderance of the evidence, and was the result of passion, prejudice or some other improper consideration.

The assignment recognizes the rule that this court would not be authorized to set aside the verdict solely upon the ground that it is against the weight and preponderance of the evidence, as it might appear to us. The improvements consisted of a residence, a cottage and an automobile house. Five witnesses testified for appellant as to their value, the highest value being, for the residence, $21,550, and the lowest, $17,875.59; for the cottage, $10,890.51 and $8,000; and for the automobile house, $1,405.50 and $1,312.25. The combined highest values are $33,845 and the combined lowest values are $27,187. None of appellee's witnesses valued the cottage or automobile house, but three of them testified to the value of the residence that they would be willing to take a contract and give bond to rebuild it at certain figures, the highest being $13,395 and the lowest, $10,973. It is, however, in the value of the lots that the widest discrepancy is shown. Three witnesses for appellants substantially agreed in their valuation of the naked lots at $40,000. Sixteen witnesses for appellee substantially agreed in their valuation of

the naked lots at $15,000. One witness for appellee valued the entire property at $30,000 and I. C. Stafford, whose testimony has been referred to, at $70,000.

In this state of the record we can not say that the verdict of the jury valuing the property at $55,000 is so grossly excessive as to indicate that it was not the result of a fair, honest and impartial consideration of the entire evidence. While it was largely in excess of the value as shown by the witnesses for appellee, it was also largely less than the value as shown by appellant's witnesses. The mere excess in the number of appellee's witnesses can not control. The fourth assignment is overruled. Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### DISSENTING OPINION.

PLEASANTS, CHIEF JUSTICE.—I can not agree with my associates in the holding that appellee has any appeal pending in this court which it can require the court to hear and determine, and in compliance with the requirements of the statute I file this statement of the ground of my dissent.

The rule which gives the appellee the right to file cross-assignments and have the questions thereby presented decided upon the hearing of the appellant's case does not, in my opinion, confer upon it any right to have its cross-assignments considered after the appellant has dismissed his appeal. The rule allowing cross-assignments to be presented was not intended to supersede the statutory requirement that an appeal can only be perfected and the jurisdiction of this court invoked by the filing of an appeal bond, or an affidavit in lieu thereof showing the inability of the party appealing to give such bond or pay the cost of the appeal. If the appellant in this case had failed to file the record I think it clear that the appellee would not be permitted to file the same and prosecute an appeal on its cross-assignments, and I do not see that the fact that the record was filed here gives appellee the right to prosecute an appeal from the judgment, it having filed no appeal bond in the court below.