## DANIELS v. GARRETT.   (No. 1292.)

(Court of Civil Appeals of Texas.   El Paso. April 6, 1922.)

1. Evidence ⊜488—Witness, having made investigation, held qualified to testify as to value of lots.

In a suit for breach of contract to convey land, a witness who testified he had been in the city frequently, and had made much investigation regarding lots there, and had seen the lots in question *held* qualified to testify as to their market value.

2. Evidence ⊜543(3)—Witness, dealing in city real estate for 15 years and having served on board of equalization, held qualified to testify to value of lots.

In an action for breach of contract to convey town lots, a witness testifying that he had

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

been dealing in real estate in the town for something like 15 years, and had served on the board of equalization for the city, *held* qualified to testify as to the value of town lots.

**3. Appeal and error** 🔑**1033(9) — Appellant cannot complain that judgment was for less than proven.**

An appellant cannot take advantage of the fact that judgment rendered against him is for an amount less than was established by the proof.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by C. L. Garrett against C. H. Daniels. Judgment for plaintiff, and defendant appeals. Affirmed.

Butts & Wright, of Cisco, for appellant. Conner & McRae, of Eastland, for appellee.

HARPER, C. J. C. L. Garrett brought this suit against C. H. Daniels for $2,000 damages for breach of contract to convey a lot of 2½ acres of land in Cisco, Tex. Tried before the court and resulted in judgment for $1,250. Appealed.

[1] The first assignment is the court erred in permitting plaintiff, Garrett, to testify to the value of the land, because he had not qualified to express an opinion as to its market value. His testimony as to his qualification was as follows:

"I suppose I had been in Cisco on an average of every six weeks along prior to then or about that time (about February 3, 1919). I didn't make any effort to ascertain from any one that was engaged in the business, while I was in Cisco, as to the market value of property generally there, but from Cisco people, I made lots of investigation by seeing them here (in Eastland). Those people that I had made investigation from or inquiry of were people who were engaged in the sale and purchase of real estate in Cisco, one man in particular. I have seen this Daniels property many times. I knew what it was when I bought it. I knew it with reference to Mr. R. L. Poe's property. That is the reason I mention so specifically in my letter; that it adjoined him and was immediately north of him. I knew it by that. I have seen it numbers of times before I got on a deal for it. From my inquiries I feel like there was a market value at Cisco, along about February 3, 1919, for this particular property. I think I am able from such investigations and inquiry from the sources stated to say whether I am acquainted with what the market value was along about February 3, 1919."

This shows sufficient qualification.

[2] The next error assigned is to the testimony of W. C. Shelton for the same reason. As to his qualification to give an opinion he testified:

"I have been dealing in real estate there [Cisco] some, and have lived there quite a while. I have been engaged in the real estate business, I guess, something like 15 years. I have served on the board of equalization for the city of Cisco, I guess, something like 8 or 10 years. I am reasonably well acquainted with the market value of property all over Cisco. I know the lot in question."

It seems that there could be no question about this witness' qualification to express an opinion about the value of the property.

The same ruling as to the testimony of witness Johnson.

The fifth and sixth assignments urge that there is no evidence in the record showing or tending to show that the difference between the contract price for the land and the market value thereof at the time of the alleged breach of contract was $1,250. The contract price for this land was $1,000, and one of the questions of fact contested in the trial court was as to the market value of the property at the time of the alleged breach; the plaintiff trying to prove that it was greater than the contract price, and the defendant's testimony tended to show that $1,000 was its full value. The plaintiff's testimony fixed values from $3,000 to $4,000, and the court found $1,250 to be the difference between the contract price and its market value.

[3] Appellant cannot take advantage of the fact that the judgment rendered against him is for an amount less than was established by the proof. Plaintiff below, who appeals because of inadequacy of the verdict, is entitled to relief in a proper case, but not so the defendant. Smith v. Emp. Devel. Co. (Tex. Civ. App.) 195 S. W. 220. Ind. O. of P. v. Manley (Tex. Civ. App.) 220 S. W. 647.

Finding no error the cause is affirmed.

---

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

END OF CASES IN VOL. 239

✷