GULLO et al. v. CITY OF WEST UNIVERSITY PLACE et al.

No. 12007.

Court of Civil Appeals of Texas. Galveston.

Oct. 28, 1948.

Rehearing Denied Nov. 18, 1948.

Al. L. Crystal, of Houston for appellants.

Paul Strong and John D. Kelley, both of Houston, for appellee City of West University Place.

Robert L. Sonfield, of Houston, for intervenors.

GRAVES, Justice.

This appeal is from a judgment of the 133rd District Court of Harris County, Honorable Wilmer B. Hunt presiding, sitting without a jury, denying the appellants, who were plaintiffs there, "all relief" they thus prayed for against the appellee-West University Place, the defendant there, in a proceeding under the Declaratory Judgment Act, Title 46A, Vernon's Texas Civil Statutes 1948, Art. 2524—1, to-wit:

"Plaintiffs pray * * * that, on final hearing hereof, the Court * * * declare that the Ordinance adopted by the City of West University Place, June 11, 1937, known as 'A Zoning Ordinance of the City of West University Place, Ordinance No. 111', is illegal, unconstitutional, null, and void, * * * (in so far as it applies to each of Plaintiffs herein and to their property), and is in direct contravention of the Constitutions of the State of Texas (Art. 1 Sec. 19 [Vernon's Ann. St.].), and of the United States, and Amendments one (1) and Fourteen (14) thereof, and that said Defendant be perpetually enjoined from enforcing, or attempting to enforce, any of the provisions of said Ordinance whatsoever, as against these Plaintiffs, or either of them; * *."

No findings of fact or conclusions of law were requested or filed by the court, other than this recitation in its judgment:

" * * * the Court having heard and fully considered the pleadings, the evidence, and the arguments of counsel, finds that the law and the facts are in all things with the defendants and interveners, who should have judgment, as hereinafter set forth.

" * * * plaintiff, Frank Holton, be and he is hereby dismissed from this suit.

"It is further ordered, adjudged and decreed by the Court that all relief prayed for by the plaintiffs herein be and the same is hereby in all things denied.

"It is further ordered, adjudged and decreed by the Court that the Zoning Ordinance No. 111 of the City of West Uni-

versity Place, Texas, adopted on June 11, 1937, be and the same is hereby adjudged, decreed, and declared to be valid and in full force and effect, as applied to each of the plaintiffs herein, and their properties, * * *."

The parties to the judgment were: First, plaintiffs, these thirteen home owners: D. Gullo, J. L. Converse, C. Y. Dixon, M. L. Atkinson, R. E. Morse, E. Terry, C. T. Kessinger, H. W. Briggs, A. L. Lewis, H. G. Davis, A. Ellis, Randal Kunsman, and Mrs. H. A. Nelson. They owned these properties within the defendant Municipal Corporation's limits, to-wit: Lot 5, in block 5, Pemberton Place; Lots 6, 7 and 9, in block 9, of Preston Place; Lots 8, 10, 12, 14 and 16, in block 5, of Virginia Court; Lots 2, 4, 8, 12, 14, 16 and 18 in block 10, Virginia Court; and Lots 9 and 10, in block "B" of Pemberton Place;

And, second, the defendant, the City of West University Place, a municipal corporation, organized and existing under Title 28, Chapter 13, Vernon's Texas Civil Statutes 1948, Art. 1165;

Third, the intervenors, whom the trial court permitted to make themselves parties to the cause, in order that they might join the city in resisting the declaratory judgment so sought by the plaintiffs, who were these twenty home owners and occupants thereof within the defendant city, adjacent to and in the immediate vicinity of appellants' property, namely: J. B. Cadwell, Henry J. Haury, Dorris J. West, C. J. Duchwald, J. C. Snyder, Edward Pollak, H. J. Reinhart, Harry B. Lilley, Sweeney J. Doehring, W. T. Doherty, R. B. Brady, F. P. Jones, W. I. West, A. S. Daniels, K. W. Shumate, Samuel T. Sikes, Robert A. Hill, Robert Sabom, Maurice Lazarus and William V. Stone.

In this Court appellant presents some nine points of error, which, it is thought, may be condensed into these three controlling presentments:

(1) The court erred in permitting the intervenors to so come into the cause, since they had no interest in the subject-matter thereof, were neither proper nor necessary parties to the suit, nor did they have any property rights in the zoning ordinance involved, nor occupy any such relation thereto as entitled them to any relief.

█ This contention is overruled without extended discussion, as being, in the state of this record, clearly unsound; the fact being that the intervenors were not only home owners within the appellee City, but were occupants of such homes, the relative location and situation of which with reference to those of the appellants having already been adverted to. It was alleged and proved in their behalf that their stated homes were either adjoining, adjacent to, or in the immediate vicinity of the appellants' properties, and that they had originally purchased the same in reliance upon the residential restrictions contained in the ordinance so attacked by the appellants; it was further so alleged and testified to that any such a change as appellants sought from the residential zoning restrictions then existing to the admission of business establishments therein would irreparably damage as well as substantially depreciate the value of the intervenors' property, even to the extent of forcing them to sell such homes at a sacrifice, or to live in a neighborhood no longer to them desirable for homes.

In other words, their plea of intervention was grounded upon the averments of the facts stated, and its objective was the attainment of their own protection. It further appeared, in that connection, that they thus exclusively sought protection for themselves and their own property, only to avert special damage that would otherwise result to it and themselves, and did not sue in any public or representative capacity for others such as taxpayers, or like classes of citizens, for the benefit of others.

In these circumstances, it is held that the following authorities make it plain that the trial court did not abuse the wide discretion invested in it in such situations, namely: Abernathy v. Adoue, Tex.Civ. App., 49 S.W.2d 476; Edge v. City of Bellaire, Tex.Civ.App., 200 S.W.2d 224; Houston Transp. Co. v. San Jacinto Rice Co., Tex.Civ.App., 163 S.W. 1023; National Transp. Co. v. Toquet, 123 Conn. 468, 196 A. 344; Scott et al. v. Champion

et al., Tex.Civ.App., 28 S.W.2d 178; Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767; Texas Declaratory Judgment Act, Art. 2524—1; Tyree v. Road District, Tex.Civ.App., 199 S.W. 644; Rules 40 and 61, Texas Rules of Civil Procedure.

(2) The gravamen of appellants' points 6, 7, 8, and 9 is that the attacked ordinance was invalid and void, because "the undisputed and uncontradicted evidence conclusively showed as a matter of law that the zoning provision was not binding upon them", because: 1. Appellants' property was in a de facto business area, and suitable for no other than business purposes at and prior to the passage of it; 2. The ordinance was not in fact passed for the purpose set out therein, but was an unreasonable and arbitrary abuse of the discretion of the members of such city council at that time; 3. The undisputed and uncontroverted evidence further showed that there had been such a change in conditions surrounding appellants' property, over which they had no control, to the extent that—since the passage of such ordinance —the property had become entirely unfit for such residential use as it originally had; 4. The uncontroverted and undisputed evidence showed appellants could not now use their properties for the residential purposes it had been bought for, nor for the use for which it is at this time best suited, nor in such a way as to produce the maximum benefit to them therefrom.

As before recited, the court itself tried this cause, without a jury, and appellants requested no specific findings of fact or conclusions of law from it.

■ Where the parties in a trial court so cast their procedure and cause of action there, these rules of decision apply on the appeal:

"(1) In a case tried before the Court without a jury, where no Findings are requested, the Appellate Court will presume that the Trial Court found all issues favorably to the prevailing parties. Janes Contracting Co. v. Home Life & Accident Co., Tex.Com.App., 260 S.W. 839: (2) An Appellate Court views the evidence in the light most favorable to the party in whose favor the judgment was rendered, and rejects all evidence favorable to the opposite contention, and considers only the facts and circumstances which would tend to sustain the Trial Court's findings. Webb v. Webb, Tex.Civ.App., 184 S.W.2d 153, writ refused."

It is evident that this cause developed a difference of opinion between the residents themselves in the immediate area in the City of West University Place, where the homes of all the parties to the suit were; the evidence the appellants relied upon— as the statement of facts in this record abundantly shows—did not in any real sense constitute "the undisputed and uncontradicted evidence" they so based their points of error upon; on the contrary, a careful review convinces this Court—in its application of the two rules it is so bound by—that the trial court's finding that the appellee's residential zoning of the property it dealt with was valid is fully sustained by evidence, the full purport of which may be thus summarized:

"* * * all of the lots could be and thirteen of them were actually being used for residences; a new residence was being built on another; the subdivisions in question were originally sold under a general plan restricting them to residences; when zoned, the lots were still restricted; their value for residence use had increased from $600.00 when zoned, to at least $1500.00 now; at least 5 residences in the area in question had been sold between 1944 and 1948, at prices ranging from $7,000.00 to $14,000.00, the latest being sold January 27, 1948, for $10,000.00; use of the lots for business would depreciate the homes of the adjacent residents, who bought in reliance on the existing residential zoning; less than one-fourth of the area set aside for business in West University is now in use for business; use of these lots for business would increase the fire-hazard and insurance-rates; business on these lots would increase traffic and accidents; the asphalt-paving of adjoining residential streets would not stand up, and cars would be parked on them; sanitary problems. would be created; additional policemen would be needed to look after the area,.

and would have added problems in crime control; and such zoning-ordinance was passed without ulterior motives, in an effort to do the best for the city as a whole, and to further the health, safety, morals, and general welfare, of its citizens."

■ Under such a background of fact, it is held that the attacked ordinance and the zoning of the property therein was in all respects legal and valid, under these holdings of our Texas Appellate Courts: Lombardo v. City of Dallas, Tex.Civ.App., 47 S.W.2d 495, 497, bottom of second column; 124 Tex. 1, 73 S.W.2d 475; Edge v. City, Tex.Civ.App., 200 S.W.2d 224, writ refused; City of Dallas v. Lively, Tex.Civ. App., 161 S.W.2d 895, writ denied; State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 444, 33 A.L.R. 260; City of University Park v. Hoblitzelle, Tex.Civ.App., 150 S.W.2d 169, 315 U.S. 781, 62 S.Ct. 806, 86 L.Ed. 1188; Zahn v. Board of Public Works, 274 U.S. 325, 47 S.Ct. 594, 71 L.Ed. 1074; Bethea v. Lockhart, Tex.Civ.App., 127 S.W.2d 1029, writ refused; Scaling v. Sutton, Tex.Civ.App., 167 S.W.2d 275, writ ref., N.R.E.; Schloemer et al., v. City of Louisville et al., 298 Ky. 286, 182 S.W.2d 782; Wilkins v. City of San Bernardino, Cal.App., 162 P.2d 711, 712, affirmed 29 Cal.2d 332, 175 P.2d 542.

■ Indeed, appellants apparently overlook all the imputed findings of fact above referred to as constituting ample evidence to support the trial court's judgment, and then base their whole case upon the undisputed fact that business has grown up— since they bought their property in the City of West University Place—on the opposite side of Kirby Drive to the east, all of which is within the City of Houston; indeed, since the west line of Kirby Drive is the dividing line between the two cities, and since the whole evidence showed that all the property so across Kirby Drive opposite the appellants' lots was at all times unrestricted, appellants must be held to have bought with notice of such condition, and to have reasonably contemplated that that area under the control of the separate municipality of Houston might, as it has done, develop into the business character it has taken on, much to appellants' discomfort and displeasure.

Indeed, there was much testimony to that effect, hence this Court must find that, as against appellants' showing of the annoying business establishments immediately across Kirby Drive in the City of Houston to the east of them, that 13 pieces of the opposite property to the west, within the appellee City, just across Kirby Drive, were shown to be actually in use as residences, and that the remainder of their properties were at least susceptible of still being so used.

When these conditions, as necessarily must be done by this appellate tribunal in the state of this record, are read into their contention for the invalidity of the zoning ordinance of West University Place, it is clear that, as referable to such a body of fact, the law has been determined adversely to them in Lombardo v. Dallas, Tex.Civ.App., 47 S.W.2d 495, 124 Tex. 1, 73 S.W.2d 475; Edge v. City of Bellaire, Tex.Civ.App., 200 S.W.2d 224, writ refused; and City of Dallas v. Lively, Tex. Civ.App., 161 S.W.2d 895, writ refused; all of which have been hereinbefore cited.

■ (3) No reversible error was involved in the court's action in permitting the witness Carl M. Knapp to testify, over appellants' objection, as an expert on real estate values in Houston. He testified that he had been a realtor 22 years, was familiar with the area in question, and knew the values therein; furthermore, it undisputedly appears that similar testimony was received, under comparable conditions, without objection by appellant, from the witness Ponds.

In such circumstances, the trial court's action in holding the witness qualified constituted no abuse of judicial discretion. Foley Bros. Dry Goods Co. v. Settegast, Tex.Civ.App., 133 S.W.2d 288, writ refused; McDaniel Bros. v. Wilson, Tex. Civ.App., 70 S.W.2d 618, at page 623, writ refused; Foley v. Houston Belt & Terminal R. Co., 50 Tex.Civ.App., 218, 110. S.W. 96; Daniels v. Garrett, Tex.Civ.App., 239 S.W. 1118, at page 1119, no writ; Burr's Ferry, B. & C. R. Co. v. Allen, Tex. Civ.App., 164 S.W. 878, at page 880, writ refused; Massie v. City of Floydada, Tex. Civ.App., 112 S.W.2d 243, at page 245, no writ; Central State Bank v. Henderson,

Tex.Civ.App., 286 S.W. 518, writ dis., w.o. j.; Callen v. Collins, Tex.Civ.App., 154 S.W. 673, no writ; 22 C.J. 698, 32 C.J.S. Evidence, § 545; Hough v. Grapotte, 127 Tex. 144, 90 S.W.2d 1090, at page 1092; Grocers Supply Co. v. Stuckey, Tex.Civ. App., 152 S.W.2d 911, at page 917, writ refused W.M.; City of Dallas v. Shackleford, Tex.Civ.App., 200 S.W.2d 869, at page 874, writ refused, n.r.e.; City of Brady v. Cox, Tex.Civ.App., 48 S.W.2d 511, at page 514, no writ.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.