of the delinquency statute are criminal in character, is here controlling.

In examining Van Hatten we find that this decision was handed down in 1924 and came under the terms of Art. 1197, C.C.P., Acts of 1911. This case cites with approval Ex parte McDowell, 76 Tex.Cr.R. 1, 172 S.W. 213, which was a 1914 decision pursuant to the terms of the same article of the Code of Criminal Procedure, 1911, as cited in the Van Hatten case.

It is evident to us that the Juvenile Act was criminal in nature at the time of the decisions in these two cases and that the article controlled juveniles and their disposition was codified in the Code of Criminal Procedure of this state.

We think that both Van Hatten and McDowell must be distinguished from the holding of this court in Ex parte Rheude, supra, and other cases decided after Art. 2338–1, V.C.S., was enacted. In order to resolve any doubt, we here so hold.

Appellant also relies upon the cases of Watson v. State, 1922, 90 Tex.Cr.R. 576, 237 S.W. 298, and Walker v. State, 1932, 119 Tex.Cr.R. 330, 45 S.W.2d 987 both of which cases construed the juvenile law under the old article of the criminal code prior to the enactment by the legislature of the present articles with which we are here concerned. We do not regard these cases as here controlling.

We feel that appellant's contentions are all without merit. They are all overruled. The evidence is abundantly sufficient to support the conviction.

The judgment of the trial court is in all things affirmed.

MORRISON, Judge (concurring).

I agree to the affirmance of this conviction because it was appellant's counsel who made the charge and introduced the evidence about the murder at the juvenile hearing.

George E. MARSHALL et al., Appellants,

v.

CITY OF WEST UNIVERSITY PLACE, Appellee.

No. 3737.

Court of Civil Appeals of Texas.

Waco.

Oct. 12, 1961.

Rehearing Denied Nov. 2, 1961.

Holman, Saccomanno & Clegg, Houston, for appellants.

Paul Strong, Houston, for appellee.

WILSON, Justice.

Appellants are the owners of twelve lots fronting on the north line of Bellaire Boulevard, which is the south boundary of the City of West University Place, a suburb

of Houston. They failed in efforts before the city zoning and planning board, the City Commission, and the District Court to have their lots rezoned from residential to business designation on allegations of changed conditions. They assert the action of the Commission is arbitrary, capricious, unreasonable and an abuse of discretion; and that appellee's 1937 zoning ordinance is unconstitutional as applied to their property, as being confiscatory and having no substantial relation to public welfare.

Appellants' basic position here is to the effect that they are "out of court" if we apply the tests and rules of presumed validity stated in City of Dallas v. Lively, Tex.Civ.App., 161 S.W.2d 895, 898, writ refused. We are asked to reconsider and modify those principles in this case. They have heretofore been reconsidered and confirmed in City of Bellaire v. Lamkin, 159 Tex. 141, 317 S.W.2d 43, 45; City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477, 480, 481 and cases cited. Writ of error was granted in City of El Paso v. Donohue, Tex.Civ.App., 344 S.W.2d 185. We will not re-state those rules which impose on appellants the extraordinary burden of showing that "no controversial or issuable facts or conditions existed" which authorized exercise of discretion reposed in the municipality in its denial of their application.

From stipulations and unchallenged findings of the trial court it is established that in 1937 the city adopted a zoning ordinance by which the western half of the city, including plaintiffs' lots, was restricted to residential use. Initial validity of the ordinance is conceded. When the ordinance was adopted plaintiffs' lots were also restricted by deed covenants, subsequently, expired, to residential use. All but two of their lots were acquired after adoption of the ordinance.

Bellaire Boulevard, south boundary of the lots, is 200 feet wide, being divided by an esplanade. Across this boulevard op-posite plaintiffs' property is another suburban municipality, the land in which has been unrestricted or zoned for business use at all material times.

Of the lots involved, four contain single family dwellings built before 1940, one of which is rented; the other lots are vacant. Appellee's population has increased from 6,000 in 1947 to 17,500 at time of trial. Plaintiffs' lots are contiguous, except for intervening streets, extending the entire width of two blocks and part of another. In 1940 the ordinance was amended to permit construction of a two-story telephone exchange across a street immediately east of the property in question. In 1946 the remainder of the block east of the telephone exchange, and a large portion of a block still further east adjacent to Southside Place (another city) were re-zoned for retail business purposes and are occupied by retail business establishments. In 1953 the ordinance was amended to permit construction of a Y. M. C. A. building, with parking and play area, on a tract fronting Bellaire Boulevard at the west end of the twelve lots here involved. The sector three blocks east of plaintiffs' lots in the City of Southside Place is zoned for business use.

Plaintiffs say that as late as 1950 the surrounding area was "still residential in character," but thereafter its character was altered by changed conditions so that their property is now completely undesirable and no longer suitable for residential purposes; that refusal to re-zone prevents the only use to which it is reasonably adaptable; and that its value has been so reduced as to result in confiscation. They contend the ordinance is invalid as to them, based on further findings of the trial court of changes in condition: traffic on Bellaire Boulevard has increased tenfold; the growth of the area in retail business has resulted in part from re-zoning by appellee; business use of the area across Bellaire from appellants' land; complete use of all West University Place residential lots, and virtually complete use of all business lots. They rely

on the further finding that their property is no longer "desirable" for residential purposes, the court having refused to find it was no longer "suitable" therefor. They urge the court failed to balance equities, having found reduction in value in their lots under the circumstances; and that their value for business use would be four times as great as present residential value. The court determined, among numerous other findings, that lots immediately to the rear of plaintiffs would suffer a small reduction in value if plaintiffs' lots were rezoned, but would be more desirable, under proper regulation, as residential property; and that residential building loans were available to plaintiffs only at excessive interest rates and in reduced amounts.

The court found that each of appellants' lots were reasonably capable of use for single family residential purposes. The evidence shows that they now have a substantial, though reduced, value. It was also found that appellee's present water lines for fire protection are inadequate and would be overtaxed by the re-zoning sought; that fire hazards might possibly be increased, although appellants could prevent this by enforcement measures; that "severe traffic and parking conditions" would be increased to a small degree; that "the possibility of increased crime within a business area can place an additional burden on an already undermanned police department"; that traffic hazards would be somewhat increased on Bellaire, which, "already running at approximately full capacity, would have some additional traffic" in a presently congested area; that additional traffic generated by business establishments on these lots might result in street construction, right-of-way acquisition and repair expenditures costing $32,000. The city had previously denied eleven other re-zoning applications, and after successfully resisting the attack in Gullo v. City of West University Place, Tex.Civ.App., 214 S.W.2d 851, writ dis., appointed a citizens committee in 1953 to study zoning problems in "fringe areas"

such as plaintiffs'. The committee report recommended against further zoning changes in such border territory. The court here found that granting plaintiffs' requests would be regarded as a precedent for other lots.

Art. 1011i, Vernon's Ann.Civ.Stats., provides that neither the State Zoning Act nor appellee's zoning ordinance applies to the telephone building east of the tracts in question; and the court concluded that the Y. M. C. A. building on the west was a permissible use in a residential district, not being devoted to business use.

Appellants' case presents a persuasive appeal to equity, but from this record we are unable to say that the action of the city was arbitrary or unreasonable, or that there is a clear abuse of municipal discretion, or that there is no issuable fact authorizing the city's exercise of the discretion vested in it under applicable rules.

We do not consider the facts here to be comparable to those in City of West University Place v. Ellis, 134 Tex. 222, 134 S.W.2d 1038.

Appellants attack the action of the city on the ground that the conduct, desires and protests of other property owners in the immediate vicinity were given weight and consideration. Twenty-five owners of residences behind plaintiffs' properties petitioned the zoning and planning board to deny appellants' application, and their vigorous protests at the public hearing appear to have influenced action of city officials. Appellants were represented by counsel at the hearings, and there is nothing to indicate action without full opportunity for appellants to be heard; and they did express themselves fully. The voluminous record shows existence of issuable and controversial facts and conditions supporting exercise of discretion in the action taken, and does not establish appellee relinquished or delegated its discretion and authority to the protestants. Art. 1011e contemplates consideration of the interests and desires

**260**

of owners such as those protesting here, and such consideration did not invalidate the action taken. Weaver v. Ham, 149 Tex. 309, 232 S.W.2d 704, 708; Reichert v. Hunter's Creek Village, Tex.Civ.App., 345 S.W.2d 838, 844, writ ref. n. r. e.; Gullo v. City of West University Place, Tex.Civ.App., 214 S.W.2d 851, 853, writ dis.

We have considered each of appellants' points, which are overruled.

Affirmed.