

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

December 29, 1971

Honorable Truman Ratliff
County Attorney
Delta County,
Cooper, Texas

Dear Mr. Ratliff:

Opinion No. M- 1028

Re: Taxation of National
Bank's reserve for
unearned interest and
contingencies.

You have requested from this office an official opinion in answer to the following three questions (set out here as numbers (2), (3) and (4) because your question No. (1) contained in your original request for an opinion was answered to your satisfaction by prior opinions furnished you by this office):

"(2) Are funds set aside and designated as Reserve for unearned interest (being interest collected but not earned) in a national bank's financial statement assessable and taxable for ad valorem taxes by the state, county and other taxing units?

"(3) Are funds set aside and designated as reserve for contingencies in national bank's financial statement (being reserve for loans classified by bank examiner but not yet charged off, as "over due", "substandard" and "doubtful") assessable and taxable for ad valorem taxes by the state, county and other taxing units?

"(4) If national bank's reserve for contingencies is assessable and taxable for ad valorem taxes, can the bank exclude from taxation the portion of the reserve for loans charged off by the bank examiner in the preceding year or in the current year by the Comptroller of Currency?"

Article 7165, Section 2,* in providing for the ad valorem tax assessment of the personal property of national banks requires such banks to render certain of their properties as follows:

---

*All Articles referred to are Vernon's Civil Statutes.

"2. National banks shall render all other bonds and stocks of every kind, except United States bonds, and all shares of Capital stocks or joint stock or stocks of other companies or corporations held as an investment or in any way representing assets, together with all other personal property belonging or pertaining to said banks, except such personal property as is specially exempted from taxation by laws of the United States."

Section 3 of said Article requires national banks to render all of their real estate as other real estate is rendered, and further provides that "all the personal property of said national banks herein taxed shall be valued as other personal property is valued."

Attorney General Opinion No. V-315 (1947), in construing the effect of Article 7166 (unchanged in form since its enactment in 1885), held as follows:

"You will note that said Article 7166 provides that the shares in a bank shall be taxed on the basis of the value of the personal property owned by the bank and that the personal property itself is not taxed. In other words, the capital, surplus, and undivided profits are not taxed. But the shares in the bank are taxed; and the value of the capital, surplus and undivided profits (being personal property) is used as a basis for determining the value of the shares for taxation purposes. ..."

Since the enactment of this legislation in 1885 (now Art. 7166) the real estate of a bank is to be taxed under this statute in its own name, while its personal property is taxed in the names of its shareholders. Engelke v. Schlenker, 75 Tex. 559, 12 S.W.999, (1890).

Thus, in view of the foregoing, we conclude that your questions are directed to whether the reserves designated by the bank for unearned interest and contingencies, may be considered for tax purposes as part of the personal property of the bank to be taken into account and evaluated by the taxing authorities in fixing the value of the shares of stock in the bank owned by its shareholders and assesssable against them individually.

Your question No. (2) is, in essence, whether a reserve composed of interest collected by the bank but not as yet earned is to be deemed an <u>asset</u> of the bank to be taken into consideration in assessing the actual value of the shares of stock in the bank. The reserve is in the nature of a suspense account under the control of the bank and from which its various components are transferred from time to time as they become earned to the other accounts of the bank. When so transferred this money unquestionably would be assets of the bank to be taken into consideration as augmenting the value of the stock in the hands of the stockholder.

Until this interest is earned it may be considered as a <u>factor</u> to be taken into consideration in fixing the <u>value</u> of <u>the shares</u> of stock which are <u>taxed</u> to the <u>shareholders.</u>

Your question No. (3) is substantially answered by Attorney General Opinion No. O-4675 (1942) a copy of which you now have, but you have requested clarification of the statement therein to the effect that although neither assessable nor taxable to the bank the

"... reserve for contingencies" ... as personal property, ... is a part of the assets of the bank and is one of the factors to be taken into consideration by the board of equalization in fixing the value of the stock for tax purposes."

This means that in assessing the shares of stock in the bank to the <u>stockholders</u> the tax assessor should accord the reserve funds consideration as elements tending to compose or augment the value of the stock in the hands of the stockholders. The degree to which they might enhance the value of the bank stock in any given instance is solely within the reasonable judgment of the tax assessor.

We answer your question No. (4) as follows. The overall worth or value of the bank's monetary assets is diminished by a bad debt charged off. The amount of the charged off loss for any taxable period will not be available as a bank asset for consideration by the taxing authority in determining the taxable value of the bank stock held by shareholders. The method of accounting used by any particular bank in its tranfers of charges or credits from one segregated portion of its earned

Honorable Truman Ratliff, Page 4 (M-1028)

surplus to another would not alter the total worth of its
monetary assets, and this worth is what is taken into
account by the taxing authority in assessing the shareholders
stock. Also the classification on the bank's ledgers or
financial statements of any fund does not operate to change
the true taxable character of the fund as an asset or a
liability. Attorney General Opinion No. WW-935 (1960),
previously furnished you, is in accord with our answer to
Question No. (4).

We are forwarding with this opinion a copy of Attorney
General Opinion No. V-315 referred to herein.

- S U M M A R Y -

A national bank's reserve for interest collected
but not earned, and its reserve for loans classified as
"over due", "substandard" and "doubtful", but not yet
charged off, may be considered as a factor for ad valorem
tax purposes as part of the personal property of the bank
to be taken into account and evaluated by the several
State taxing authorities in fixing the value of the shares
of stock in the bank owned by its shareholders and
assessable to them individually.

The value of a bank's monetary assets is diminished
by a charged off bad debt.

The ledger or financial statement classification of
a fund by the bank does not change the fund's true taxable
character as an asset or liability in determining the
taxable value of its shares.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

-5016-

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Marietta Payne
Ralph Rash
Arthur Sandlin
James Maxwell

SAM MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant